**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **K&M INTERNATIONAL, INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**RHODE ISLAND NOVELTY, INC. and WILD ADVENTURES, INC.,**<br><br>**Defendants.** | **C.A. No: 06-159-ML-DLM**<br><br>**DEFENDANTS' ANSWER, COUNTERCLAIMS AND DEMAND FOR JURY TRIAL** |

Defendant Rhode Island Novelty, Inc. ("RINCO"), in its own name and through its d/b/a, "Wild Adventures",[1] respectfully submits this Answer, including affirmative defenses, to the Complaint of the plaintiff, K&M International, Inc. ("K&M"). Plaintiff's Complaint is designed for the sole purpose of preventing RINCO from distributing wildlife-related toys in the zoo, museum and aquarium market ("ZMA market"). Plaintiff's anticompetitive motive is apparent from the face of the Complaint. In its Complaint, which is liberally laced with gratuitous and otherwise defamatory comments about RINCO's business operations and sales tactics, Plaintiff admits that it cannot compete on price with RINCO's product line. Plaintiff has filed this action in an attempt to do what it cannot do in the marketplace: stop RINCO from engaging in lawful commercial activities. In response, RINCO has filed this answer and asserts counterclaims against the Plaintiff. Except as otherwise expressly admitted herein, the Defendants deny each and every allegation in the Plaintiff's Complaint. The Defendants hereby respond in corresponding numbered paragraphs as follows:

[1] Plaintiff has named as a defendant, "Wild Adventures, Inc." To the best of RINCO's knowledge, no such entity exists.

1. The allegations in this paragraph are introductory in nature to which no answer is required. Defendants deny any factual allegations that may be alleged in this paragraph.

2. Defendants admits that K&M sells toys under the name, "Wild Republic." Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and hence deny same.

3. Defendants admit in the first sentence of this paragraph that RINCO imports and distributes novelty and toy items. Defendants deny the remaining factual allegations contained in the first sentence of this paragraph. Defendants also deny the factual allegations contained in the second, third and fourth sentences of this paragraph. Defendants admit the factual allegation in the fifth sentence of this paragraph that RINCO hired Andrew Alberto as a sales manager and further admit the factual allegations in footnote 1 to this sentence. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in the fifth sentence of this paragraph and hence deny same. Defendants deny all of the remaining factual allegations contained in this paragraph.

4. The allegations in this paragraph are introductory in nature to which no answer is required. Defendants deny any factual allegations that may be alleged in this paragraph. The remaining allegations in this paragraph seek conclusions of law to which no answer is required.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained this paragraph and hence deny same.

6. Defendants admit the allegations contained in the first sentence of this paragraph. Defendants deny the remaining factual allegations in this paragraph.

7. Defendants deny the factual allegations contained in this paragraph. The remaining allegations call for legal conclusions to which no response is required.

8. Defendants admit that this Court has jurisdiction over the subject matter of this action.

9. Defendants admit that venue in this Court is proper. The statutory provision cited by the Plaintiff speaks for itself.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in this paragraph and hence deny same. The documents referred to in this paragraph speak for themselves.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in this paragraph and hence deny same.

12. The documents referred to in this paragraph speak for themselves. The allegations contained in this paragraph call for a legal conclusion to which no response is required. To the extent that there are any remaining factual allegations in this paragraph, Defendants are without knowledge or information sufficient to form a belief as to the truth of such factual allegations and hence deny same.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of this paragraph

and hence deny same. The remaining allegations contained in this paragraph call for a legal conclusion to which no response is required.

14. The document referred to in this paragraph speaks for itself. The allegations contained in this paragraph call for a legal conclusion to which no response is required. To the extent that there are any remaining factual allegations in this paragraph, Defendants are without knowledge or information sufficient to form a belief as to the truth of such factual allegations and hence deny same.

15. The allegations contained in this paragraph call for a legal conclusion to which no response is required. To the extent that there are any remaining factual allegations in this paragraph, Defendants are without knowledge or information sufficient to form a belief as to the truth of such factual allegations and hence deny same.

16. The documents referred to in this paragraph speak for themselves. The allegations contained in this paragraph call for a legal conclusion to which no response is required. To the extent that there are any remaining factual allegations in this paragraph, Defendants are without knowledge or information sufficient to form a belief as to the truth of such factual allegations and hence deny same.

17. Defendants admit the factual allegation in this paragraph that RINCO imports novelty and toy items. Defendants deny the remaining allegations in this paragraph.

18. RINCO denies that it engages in "unscrupulous business practices." The document referred to in this paragraph speaks for itself. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual

allegations contained in this paragraph relating to the Plaintiff's state of mind or alleged knowledge, and hence deny same. Defendants deny the remaining factual allegations in this paragraph.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in this paragraph to the effect that "K&M lost track of RINCO until last year when K&M discovered…," and hence deny same. Defendants deny the remaining factual allegations contained in this paragraph.

20. Defendants deny the factual allegations contained in this paragraph.

21. Defendants admit that RINCO is selling plush animals toys, hanging monkey toys, pinchers, paint kits and PVC toys in plastic tubes, among other products. The document referred to in this paragraph speaks for itself. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegation that "one of K&M's customers" made a certain report to K&M, and hence deny same. Defendants deny the remaining factual allegations contained in this paragraph.

22. Defendants admit that RINCO hired Andrew Alberto in 2005. Defendants deny the remaining factual allegations contained in this paragraph.

23. Defendants admit that RINCO competes with K&M, that RINCO attended trade shows in Tennessee in 2005 and New York in 2006 and that RINCO maintains the website referenced by the Plaintiff. Defendants deny the remaining factual allegations contained in this paragraph.

24. Defendants deny the factual allegations contained in this paragraph. The remaining allegations in this paragraph call for a legal conclusion to which no answer is required.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in this paragraph and hence deny same. The remaining allegations in this paragraph call for a legal conclusion to which no answer is required. Defendants deny any remaining factual allegations contained in this paragraph.

26. The allegations in this paragraph call for a legal conclusion or speculation, to which no answer is required. Defendants deny any remaining factual allegations contained in this paragraph.

27. Defendants deny the factual allegations contained in this paragraph. The remaining allegations in this paragraph call for a legal conclusion or speculation, to which no answer is required.

## First Cause of Action
## TRADEMARK INFRINGEMENT

28. Defendants restate and incorporate by reference their responses to the allegations in ¶¶ 1-27 of Plaintiff's Complaint.

29. Denied.

30. Denied.

31. Denied.

**Second Cause of Action**

**LANHAM ACT SECTION 43(a)**

32. Defendants restate and incorporate by reference their responses to the allegations in ¶¶ 1-31 of Plaintiff's Complaint.

33. Denied.

34. Denied.

35. Denied.

**Third Cause of Action**

**COPYRIGHT INFRINGEMENT**

36. Defendants restate and incorporate by reference their responses to the allegations in ¶¶ 1-35 of Plaintiff's Complaint.

37. Denied.

38. Denied.

39. Denied.

**Fourth Cause of Action**

**COMMON LAW UNFAIR COMPETITION**

40. Defendants restate and incorporate by reference their responses to the allegations in ¶¶ 1-39 of Plaintiff's Complaint.

41. Denied.

42. Denied.

**Fifth Cause of Action**

**TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS**

43. Defendants restate and incorporate by reference their responses to the allegations in ¶¶ 1-42 of Plaintiff's Complaint.

44. The document referred to in this paragraph speaks for itself. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in this paragraph and hence deny same.

45. The document referred to in this paragraph speaks for itself. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in this paragraph and hence deny same.

46. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and hence deny same.

47. Denied.

48. Defendants admit that Mr. Nowak, RINCO's President, met with Mr. Alberto more than once before hiring him. Defendants deny the remaining factual allegations contained in this paragraph.

49. Denied.

50. The allegations in this paragraph call for a legal conclusion to which no response is required.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

**Sixth Cause of Action**

**TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS**

57. Defendants restate and incorporate by reference their responses to the allegations in ¶¶ 1-56 of Plaintiff's Complaint.

58. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and hence deny same.

59. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and hence deny same.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

**Seventh Cause of Action**

**UNJUST ENRICHMENT**

65. Defendants restate and incorporate by reference their responses to the allegations in ¶¶ 1-64 of Plaintiff's Complaint.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

WHEREFORE, Defendants deny that the Plaintiff is entitled to any of its claimed relief and hereby request that the Court deny Plaintiff's claims and enter judgment in Defendants' favor thereon, together with interest, costs, attorney's fees and other appropriate relief.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's complaint is barred in whole or in part by the statute of limitations.

### THIRD DEFENSE

Plaintiff's complaint is barred in whole or in part by the doctrine of laches.

### FOURTH DEFENSE

Plaintiff's complaint is barred in whole or in part by the doctrine of estoppel.

### FIFTH DEFENSE

Plaintiff's complaint is barred in whole or in part by the doctrine of waiver.

### SIXTH DEFENSE

Plaintiff's complaint is barred in whole or in part by the doctrine of unclean hands.

**SEVENTH DEFENSE**

Plaintiff's complaint is barred in whole or in part by the doctrine of acquiescence.

**EIGHTH DEFENSE**

Plaintiff's complaint is barred in whole or in part by the doctrine of abandonment.

**NINTH DEFENSE**

Plaintiff's complaint is barred in whole or in part by the doctrine of justification.

**TENTH DEFENSE**

Plaintiff's complaint is barred in whole or in part by the fair use doctrine.

**ELEVENTH DEFENSE**

Any claims of infringement are barred because of Plaintiff's lack of ownership.

**TWELFTH DEFENSE**

Any claims of infringement are barred because the Plaintiff has not properly registered to acquire its rights.

**THIRTEENTH DEFENSE**

Any claims of infringement are barred because the alleged infringement was *de minimis*.

**FOURTEENTH DEFENSE**

Any recovery to which the Plaintiff is entitled is barred by the intervening and superseding acts and/or omissions on the part of others over whom the Defendants had no control.

**FIFTEENTH DEFENSE**

To the extent that the Plaintiff has suffered damages, which the Defendants deny, the Plaintiff has failed to mitigate its damages.

**SIXTEENTH DEFENSE**

Defendants reserve the right to supplement this answer to add additional affirmation defenses.

## COUNTERCLAIMS OF DEFENDANT RINCO

### INTRODUCTION

The plaintiff-in-counterclaim, Rhode Island Novelty, Inc. ("RINCO"), seeks injunctive relief and an award of compensatory and punitive damages in response to the unlawful campaign of the defendant-in-counterclaim, K&M International, Inc. ("K&M"), to prevent RINCO from doing business. RINCO, a successful distributor of novelties and toys, recently launched a product line of wildlife-related stuffed animals and other similar toys for distribution in the zoo, museum and aquarium market ("ZMA market") under the trademark, "Wild Adventures" (registration pending). On information and belief, K&M is the dominant distributor of nature toys in the ZMA market. Unable to compete with RINCO on price, K&M has resorted to the initiation of baseless litigation and engaging in a deliberate and concerted effort to keep RINCO from entering the ZMA market by, among other actionable conduct, defaming RINCO, confusing prospective customers and bullying existing customers into not buying product from RINCO. As set forth below, RINCO's counterclaim complaint seeks damages and injunctive relief for defamation, abuse of process, unfair competition, tortious interference with contractual relations, tortious interference with advantageous relations, injury to business reputation in violation of R.I. §6-2-12 and violation of the Lanham Act.

### PARTIES

1. Plaintiff-in-counterclaim, RINCO, is a Rhode Island corporation with a principal place of business located at 5 Industrial Road, Cumberland, State of Rhode Island.

2. Defendant-in-counterclaim, K&M International, Inc. ("K&M"), is, upon information and belief, an Ohio corporation with a principal place of business located at 1955 Midway Drive, Twinsburg, State of Ohio.

## JURISDICTION

3. This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, 1338 and 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## FACTS AND CLAIMS

5. RINCO, organized in 1986, RINCO is an established supplier of novelty toys, giftware, stationary and related products to a large market that includes, but is not limited to, carnivals, circuses, parade vendors, fundraisers and a diverse group of retailers. RINCO markets its various products through its catalogues, the Internet, direct sales and other methods.

6. In addition, RINCO's sales market traditionally included buyers in the ZMA market. The ZMA market is an established market for educational items which include, but are not limited to, plush toys, including snakes and long-arm monkeys; nature tubes (plastic tubes containing animal and other toy figures); pinchers (toys with movable animal heads on a cylindrical tube); paint and play sets; and related products.

7. K&M, through its subsidiary, Wild Republic, Inc., distributes and markets a line of nature toys under its trademark, "Wild Republic." On information and belief, K&M is the dominant supplier of toys in the ZMA market.

8. K&M and RINCO are only two of many companies which sell products in the ZMA market. Wildlife Artists and Safari Ltd. are among other companies which sell similar products in the ZMA market.

9. On July 5, 2005, RINCO filed a trademark application to secure a trademark for the name "Wild Adventures" relating to general merchandise, such as toys and novelty items. As of the filing date of RINCO's trademark application, K&M was not claiming and had not claimed any proprietary right to the name, "Wild Adventures."

10. "Wild Adventures" was established by RINCO as a trade name to market and promote its distinct product line directed to the ZMA and other markets. RINCO's "Wild Adventures" product line includes plush toys, such as snakes and long-arm monkeys, nature tubes, figurines, pinchers, pens, key chains, balls, puzzles, action toys, paint kits and play sets.

11. RINCO began marketing its "Wild Adventures" product line at trade shows during the latter-half of 2005. RINCO also markets "Wild Adventures" products through promotional materials, over the Internet and by way of direct sales.

12. RINCO's average prices for the items in its "Wild Adventures" product line are lower than K&M's average prices for items in its "Wild Republic" product line.

13. RINCO's sales manager for the sale of "Wild Adventures" products is Andy Alberto, a former employee of K&M. Mr. Alberto did not assist RINCO in creating or designing its "Wild Adventures" product line. Furthermore, Mr. Alberto did not impart any confidential information to RINCO regarding K&M.

14. On information and belief, Mr. Alberto is a former K&M sales representative.

15. On information and belief, Mr. Alberto voluntarily resigned his position at K&M on September 16, 2005.

16. On or about October 4, 2005, Mr. Alberto commenced his employment with RINCO as a Sales Manager.

17. On November 15, 2005, K&M filed a lawsuit against Mr. Alberto in the Court of Common Pleas, Summit County, Ohio, CA No. 2005-11-6769 (the "Ohio Action") alleging, *inter alia*, that Alberto violated a non-competition agreement and a confidentiality agreement he had with K&M in connection with his employment by RINCO. RINCO was not named as a defendant in the Ohio Action. Mr. Alberto defended the Ohio Action.

18. On or about December 15, 2005, Mr. Alberto ceased his employment for RINCO.

19. K&M and Mr. Alberto agreed to a judgment in the Ohio Action on or about January 5, 2006. Pursuant to the agreement for judgment in the Ohio Action, Mr. Alberto was permitted to return to work for RINCO as an employee as of April 15, 2006.

20. Mr. Alberto returned to work as a Sales Manager for RINCO on April 17, 2006. He did not work for RINCO between December 15, 2005 through April 17, 2005.

21. On information and belief, K&M, after learning of RINCO's "Wild Adventures" product line, became concerned over the market threat that RINCO posed. K&M concluded, and has admitted in this litigation, that RINCO's prices are lower than those offered to customers by K&M. Rather than alter its pricing structure to compete legitimately and lawfully with RINCO, K&M chose to employ unfair and anticompetitive measures to keep RINCO from taking away K&M's ZMA market share. In response to

the competitive challenged posed by RINCO, K&M decided to engage in a knowing and deliberate campaign to prevent RINCO from bringing its "Wild Adventures" product line to the ZMA market. K&M implemented its anticompetitive strategy by, among other acts, threatening RINCO over its hiring of Mr. Alberto, filing a lawsuit against RINCO over alleged violations of K&M's purported intellectual property, and pressuring customers into not doing business with RINCO by publishing false and defamatory statements about RINCO's business practices.

22. On May 5, 2006, K&M filed the instant lawsuit against RINCO and a fictitious entity, "Wild Adventure, Inc." ("the Lawsuit"). In its complaint, K&M makes baseless and false allegations, including, among others, that RINCO has violated K&M's trademarks and copyrights, confused customers into buying "Wild Adventures" products, and caused Mr. Alberto to disclose, and use, K&M's alleged "trade secret and confidential information to develop the business of Wild Adventures." The complaint in the Lawsuit includes numerous statements that would be defamatory if uttered outside of a court-filed pleading. RINCO categorically denies these allegations and is vigorously defending this itself in the Lawsuit.

23. K&M has knowingly used the Lawsuit to bully and frighten RINCO's customers and prospective customers in the ZMA market into not doing business with RINCO.

24. On information and belief, K&M, at some point subsequent to the filing of the Lawsuit, mailed a letter on K&M letterhead to numerous customers and prospective customers of RINCO informing them of the Lawsuit ("K&M Letter"). On information and belief, the K&M Letter was published to dozens, if not hundreds or even thousands,

of prospective customers in the ZMA market. At the top of the undated K&M Letter is the bold and underlined title, "K&M International, Inc. Announces Filing of Lawsuit Against Rhode Island Novelty and Wild Adventures to Protect Valuable Intellectual Property Rights."

25. The text of the K&M letter is as follows:

Dear Customer:

*Several of K&M's customers have approached the Company in the past six months to notify us and express their concerns about the business practices of one of our competitors Rhode Island Novelty and its subsidiary, Wild Adventures, Inc. K&M would like to apologize to each of our customers who have experienced any inconvenience or confusion as a result of our competitor's business practices. As detailed below, K&M is taking steps to eliminate any conduct by Rhode Island Novelty or Wild Adventures that may in any way confuse or inconvenience our clients. Once again, K&M offers its sincere apologies to each of our customers who negatively have been affected by our competitor's business practices.*

K&M International, Inc., doing business as Wild Republic, announces that it has filed a lawsuit against Rhode Island Novelty and Wild Adventures in federal court in Rhode Island to protect K&M's valuable intellectual property rights, and to stop Defendants efforts to compete unfairly with K&M in violation of the Copyright Act, the trademark laws and state laws.

K&M is a leading designer of high-quality plush and PVC toys beating the well-known WILD REPUBLIC trademarks, among others. K&M through it's Wild Republic division, distributes toys to retail toy stores and gift shops throughout the country and worldwide.

The lawsuit contends that Defendants have resorted to a series of unfair business practices in an effort to compete with K&M in the plush and PVC toy categories, namely the serial imitation and copycating of the look of K&M's product line, trademarks, copyrights and marketing and promotional materials. Specifically, K&M alleges that in 2005, Defendants established a new division to sell the exact same products as K&M and named it "Wild Adventures" a name that is confusingly similar to K&M's incontestable, federally-registered trademark WILD REPUBLIC. Defendants aslo had hired K&M's former Account Executive to be the sales manager for Wild Adventures. Wild Adventures now actively solicits business from K&M's existing and potential customers in an effort to sell toys that infringe K&M's copyright and trademark rights. K&M alleges that by these acts Defendants have violated the Copyright and trademark rights. K&M alleges that by these acts Defendants have violated the Copyright Act, the

trademark laws and the state laws. In the Complaint K&M seeks both injunctive relief and substantial monetary damages.

For further information, please contact Prathap Shanker at [number omitted].

26. The K&M Letter falsely described and misrepresented RINCO, its products and it business practices by, among other things, stating or implying that RINCO utilizes unfair or deceptive business practices; suggesting that RINCO's use of the "Wild Adventures" trademark caused any confusion among customers; suggesting that RINCO's business practices have inconvenienced customers; suggesting that RINCO's business practices have negatively affected customers; and alleged that RINCO has engaged in unfair business practices, violated K&M's trademarks and copyrights or otherwise unlawfully harmed K&M.

27. Since the K&M Letter was sent to RINCO's customers and prospective customers in the ZMA market, RINCO has had several orders for "Wild Adventures" products cancelled. RINCO also has been informed by several potential customers that they cannot do business with RINCO in light of the K&M Letter. On information and belief, the cancellation of orders and potential customers' reluctance to do business with RINCO has been a direct and proximate result of K&M's publication of the K&M Letter and promotion of the Lawsuit in the ZMA market.

28. On information and belief, K&M's purpose in asserting the Lawsuit and publishing the K&M Letter was not to redress what it believed to be legitimate legal claims, but rather to pursue K&M's ulterior motive was to eliminate RINCO as a competitor by any means possible.

29. RINCO has numerous business relationships through which it promotes and sells its products, including products in its "Wild Adventure" line.

30. On information and belief, K&M is aware of RINCO's business relationships.

31. RINCO has been damaged by K&M's conduct as described herein because consumers have been misled and will continue to be misled by K&M as to the quality, legitimacy and other qualities of RINCO's products.

32. On information and belief, K&M's intellectual property infringement claims were also made to unlawfully expand the protection of its purported intellectual property rights.

33. K&M's conduct as described was intentional, willful, malicious, wanton and undertaken in bad faith.

**COUNT ONE**
**ABUSE OF PROCESS**

34. RINCO realleges and incorporates herein the allegations in paragraphs 1 - 30 of its Counterclaim as if set forth fully herein.

35. K&M filed this action against RINCO knowing that RINCO had done nothing (a) to violate or infringe upon any purported intellectual property rights of K&M, or (b) to unlawfully interfere with any contractual arrangements which K&M may have had with Andrew Alberto.

36. K&M filed this action with the ulterior motive of eliminating legitimate competition.

37. As a direct and proximate result of K&M's conduct, RINCO has suffered damage for which K&M is liable, including attorney's fees and costs relating to the defense of this action.

**COUNT TWO**

**UNFAIR COMPETITION**

38. RINCO realleges and incorporates herein the allegations contained in paragraphs 1 through 37 of its Counterclaim as if fully set forth herein.

39. K&M's act in instituting the instant civil action was committed with the intent to deceive consumers as to ownership of, rights to, and quality of the RINCO products in question.

40. K&M's actions and conduct constitute unfair competition.

41. As a direct and proximate result of K&M's conduct, K&M has and will continue to unlawfully procure business that it would not otherwise obtain fairly in the open market.

**COUNT THREE**

**TORTIOUS INTERFERENCE WITH ADVANTAGEOUS RELATIONSHIPS**

42. RINCO realleges and incorporates herein the allegations contained in paragraphs 1 through 41 of its Counterclaims as if fully set forth herein.

43. RINCO has numerous business relationships which are known to K&M.

44. K&M is intentionally and unjustifiably interfering with those relationships by asserting the instant civil claim and publishing the related false statements about RINCO and Wild Adventures as described herein.

45. As a direct and proximate result of this intentional and unjustified interference, RINCO has suffered damages for which K&M is liable.

**COUNT FOUR**

**DEFAMATION/LIBEL**

46. RINCO realleges and incorporates herein the allegations contained in paragraphs 1 through 45 of this Counterclaim as if fully set forth herein.

47. K&M's statements in the K&M Letter as described above were of and concerning RINCO.

48. K&M's statements in the K&M Letter as described above constitute defamation of RINCO.

49. K&M's statements in the K&M Letter as described above were false as they pertain to RINCO because RINCO did not engage in the alleged misconduct.

50. K&M made statements in the K&M Letter public by sending it to third parties.

51. K&M's defamatory statements were published without any privilege or justification.

52. As a result of this conduct, RINCO has suffered and continues to suffer damages.

**COUNT FIVE**

**UNFAIR COMPETITION UNDER THE LANHAM ACT (15 U.S.C. § 1125(a))**

53. RINCO incorporates the allegations contained in paragraphs 1 through 52 of this Counterclaim as if fully set forth herein.

54. K&M has made false statements about RINCO and its products. In doing so, K&M altered consumers' perceptions of RINCO's products to RINCO's detriment.

55. K&M's false statements about RINCO and its products are commercial in nature.

56. K&M's false statements about RINCO and its products are made for the purpose of influencing consumers to refrain from purchasing RINCO's products and encouraging those same consumers to purchase K&M's products in the same market.

57. K&M's false statements have the tendency to deceive the public, and in fact do deceive the public.

58. This deception is material, in that it is likely to influence, and has influenced, consumers' purchasing decisions.

59. K&M caused the K&M Letter to enter interstate commerce.

60. RINCO has been damaged, and is likely to be damaged further, by K&M's false statements.

61. RINCO is being irreparably harmed by K&M's false statements and has no adequate remedy at law for the harm. RINCO is therefore entitled to injunctive relief restraining K&M from continuing their unlawful conduct.

**COUNT SIX**

**INJURY TO BUSINESS REPUTATION/TRADEMARK DILUTION UNDER G.L. 1956 § 6-2-12**

62. As a result of K&M's conduct as described herein, there is a likelihood of injury to the business reputation of RINCO.

63. As a result of K&M's conduct as described herein, there is a likelihood of dilution of the "Wild Adventures" trade name.

64. There is no adequate remedy at law for the harm inflicted on RINCO.

**PRAYERS FOR RELIEF**

WHEREFORE, plaintiff-in-counterclaim prays that this Court:

1. Determine the damages sustained by Defendants/plaintiffs-in-counterclaim and award judgment in that amount;

2. Award Defendants/plaintiffs-in-counterclaim its attorneys' fees and costs;

3. Award punitive damages, as appropriate;

4. Permanently enjoin the Plaintiff/Defendant-in-Counterclaim from engaging in the conduct described; and

4. Grant such other and further relief as the Court deems meet and just.

Respectfully submitted,
RINCO,
By its attorneys:

William A. Poore

William A. Poore (#1436)
POORE & ROSENBAUM
30 Exchange Place
Providence, Rhode Island 02903
Tel: (401) 831-2600
Fax: (401) 831-2220

*and*

Joseph P. Davis III (BBO#551111)
James P. Ponsetto (BBO# 556144)
GREENBERG TRAURIG, LLP[2]
One International Place
Boston, Massachusetts 02110
Tel: (617) 310-6000
Fax: (617) 310-6001

**JURY DEMAND**

The defendant and plaintiff-in-counterclaim hereby demands a jury trial on all counts so triable.

William A. Poore

[2] A motion to admit Messrs. Davis and Ponsetto *pro hac vice* is pending.

**CERTIFICATE OF SERVICE**

I hereby certify that the above document was served on counsel for the Plaintiffs in this action, by first class mail, on April 26, 2006.

Bruce W. Gladstone
CAMERON & MITLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903

Edmund J. Ferdinand, III
GRIMES & BATTERSBY, LLP
488 Main Avenue, 3rd Fl.
Norwalk, Connecticut 06851-1008

Steven E. Seasly
HAHN, LOESER & PARKS
3300 BP Tower
200 Public Square
Cleveland, Ohio 44114

William A. Poore
William A. Poore, Esq.

bos-fs1\188026v10