**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| K&M INTERNATIONAL, INC.,<br>Plaintiff,<br>- against -<br>RHODE ISLAND NOVELTY, INC. and WILD ADVENTURES, INC.,<br>Defendants. | Civil Action No.: 06-159-ML-DLM<br>**REPLY TO COUNTERCLAIMS** |

Plaintiff and Defendant-in-Counterclaim, K&M International, Inc. ("K&M"), hereby responds to the Counterclaims filed by Rhode Island Novelty, Inc. ("RINCO") as follows:

PARTIES

1. K&M admits the allegations contained in paragraph 1.

2. K&M admits the allegations contained in paragraph 2.

JURISDICTION

3. K&M admits that the Court has subject matter jurisdiction over this action.

4. K&M admits that venue is proper in this District.

FACTS AND CLAIMS

5. K&M lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5, and on that basis denies them.

6. K&M admits that the ZMA market is an established market for educational items, including, without limitation, plush toys and other toys that are sold by both K&M and RINCO through its WILD ADVENTURES line, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6, and on that basis

denies them.

7. K&M admits the allegations contained in paragraph 7.

8. K&M admits that other companies besides K&M and RINCO sell educational and toy products in the ZMA mark, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8, and on that basis denies them.

9. K&M admits that RINCO filed U.S. Trademark Application Serial No. 78/663,504 on July 5, 2005, states that the contents of said trademark application speaks for itself, further states that the trademark "WILD ADVENTURES" is confusingly similar to K&M's federally registered "WILD REPUBLIC" family of trademarks, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9, and on that basis denies them.

10. K&M admits that RINCO's "Wild Adventures" line includes the same products as K&M's "Wild Republic" line, including, without limitation, plush toys, tube toys, pincher toys, etc., and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10, and on that basis denies them.

11. K&M admits upon information and belief that RINCO markets "Wild Adventures" products on the Internet, through catalogs and other promotional materials and through direct sales, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11, and on that basis denies them.

12. K&M admits upon information and belief that RINCO generally charges lower prices than K&M, states that RINCO's pricing strategy is an anti-competitive tactic that is part of its overall scheme to compete unfairly with K&M, further states that RINCO's products are

also inferior in quality to K&M's, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12, and on that basis denies them.

13. K&M admits that Andy Alberto was formerly employed as K&M's ZMA Account Executive, admits upon information and belief that Mr. Alberto is now employed as Sales Manager by RINCO, and denies the remaining allegations contained in paragraph 13.

14. K&M admits the allegation contained in paragraph 14.

15. K&M admits that Mr. Alberto resigned from K&M effective on or about September 30, 2005.

16. K&M admits upon information and belief the allegation contained in paragraph 16.

17. K&M admits the allegations contained in paragraph 17.

18. K&M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18, and on that basis denies them.

19. K&M admits the allegations contained in paragraph 19.

20. K&M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20, and on that basis denies them.

21. K&M admits that the prices charged by RINCO are generally lower than the prices charged by K&M for similar products, states that K&M is deeply concerned by RINCO's unfair business practices and deceptive trade practices, and denies the remaining allegations contained in paragraph 21.

22. K&M admits that its legal counsel filed the instant action on or about April 5, 2006 and further admits that "Wild Adventures, Inc." is a named defendant, and denies the remaining allegations contained in paragraph 22.

23. K&M denies the allegations contained in paragraph 23.

24. K&M admits that it sent a letter to certain customers to announce the filing of the instant lawsuit, states that the content of said letter speaks for itself, and denies the remaining allegations contained in paragraph 24.

25. K&M admits that it sent a letter to certain customers to announce the filing of the instant lawsuit and states that the content of said letter speaks for itself.

26. K&M denies the allegations contained in paragraph 26.

27. K&M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 27, and on that basis denies them.

28. K&M denies the allegations contained in paragraph 28.

29. K&M lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29, and on that basis denies them.

30. K&M denies the allegations contained in paragraph 30.

31. K&M denies the allegations contained in paragraph 31.

32. K&M denies the allegations contained in paragraph 32.

33. K&M denies the allegations contained in paragraph 33.

## COUNT ONE

34. K&M repeats and re-alleges all of the responses to paragraphs 1 through 33 as though set forth fully herein.

35. K&M denies the allegations contained in paragraph 35.

36. K&M denies the allegations contained in paragraph 36.

37. K&M denies the allegations contained in paragraph 37.

COUNT TWO

38. K&M repeats and re-alleges all of the responses to paragraphs 1 through 37 as though set forth fully herein.

39. K&M denies the allegations contained in paragraph 39.

40. K&M denies the allegations contained in paragraph 40.

41. K&M denies the allegations contained in paragraph 41.

COUNT THREE

42. K&M repeats and re-alleges all of the responses to paragraphs 1 through 41 as though set forth fully herein.

43. K&M denies the allegations contained in paragraph 43.

44. K&M denies the allegations contained in paragraph 44.

45. K&M denies the allegations contained in paragraph 45.

COUNT FOUR

46. K&M repeats and re-alleges all of the responses to paragraphs 1 through 45 as though set forth fully herein.

47. K&M denies the allegations contained in paragraph 47.

48. K&M denies the allegations contained in paragraph 48.

49. K&M denies the allegations contained in paragraph 49.

50. K&M denies the allegations contained in paragraph 50.

51. K&M denies the allegations contained in paragraph 51.

52. K&M denies the allegations contained in paragraph 52.

COUNT FIVE

53. K&M repeats and re-alleges all of the responses to paragraphs 1 through 52 as

though set forth fully herein.

54. K&M denies the allegations contained in paragraph 54.

55. K&M denies the allegations contained in paragraph 55.

56. K&M denies the allegations contained in paragraph 56.

57. K&M denies the allegations contained in paragraph 57.

58. K&M denies the allegations contained in paragraph 58.

59. K&M admits that the letter was sent through means of interstate commerce.

60. K&M denies the allegations contained in paragraph 60.

61. K&M denies the allegations contained in paragraph 61.

## COUNT SIX

62. K&M repeats and re-alleges all of the responses to paragraphs 1 through 61 as though set forth fully herein.

63. K&M denies the allegations contained in paragraph 63.

64. K&M denies the allegations contained in paragraph 64.

## AFFIRMATIVE DEFENSES

1. RINCO's counterclaims fail to state a claim upon which relief may be granted in whole or in part.

2. RINCO's counterclaims are barred by the doctrine of estoppel.

3. RINCO's counterclaims are barred by the doctrine of unclean hands.

4. RINCO's counterclaims are barred by their own acts of infringement, unfair trade practices and unfair business practices.

5. To the extent RINCO has suffered damages, which K&M denies, RINCO has failed to mitigate its damages.

WHEREFORE, K&M requests that judgment be entered in its favor dismissing all causes of action set forth in the Counterclaims with prejudice; that K&M be awarded all costs, including attorney's fees, resulting from the defense of the Counterclaims; and for such other and further relief as the Court deems just and proper.

Dated: May __, 2006

K & M INTERNATIONAL, INC

By its Attorneys,

Bruce W. Gladstone (R.I. Bar No.: 2643)
CAMERON & MITLEMAN LLP
56 Exchange Terrace
Providence, RI 02903
(401) 331-5700 (Telephone)
(401) 331-5787 (Fax)

*Of Counsel*:

Edmund J. Ferdinand, III
GRIMES & BATTERSBY, LLP
488 Main Avenue, Third Floor
Norwalk, Connecticut 06851-1008
(203) 849-8300 (Telephone)
(203) 849-9300 (Fax)

Steven E. Seasly
HAHN, LOESER & PARKS
3300 BP Tower
200 Public Square
Cleveland, OH 44114
(216) 621-0150 (Telephone)
(216) 241-2824 (Fax)

CERTIFICATE OF SERVICE

The undersigned, hereby certifies that on the 19th day of May, 2006, a copy of the foregoing was delivered via Telecopy and Messenger to William A. Poore, Esquire and Christopher J. O'Connor, Esquire, Poore & Rosenbaum LLP, Commerce Center, 30 Exchange Terrace, Providence, Rhode Island 02901, and via Telecopy and First Class Mail Postage Prepaid to Joseph P. Davis, III, Esquire, Greenberg, Traurig, LLP, One International Place, Boston, Massachusetts 02210.