**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **K&M INTERNATIONAL, INC.,** | **C.A. No: 06-159-ML-DLM** |
| **Plaintiff/Defendant-in-Counterclaim,** | |
| **v.** | **ANSWER OF RHODE ISLAND NOVELTY, INC. TO FIRST AMENDED COMPLAINT and DEMAND FOR JURY TRIAL** |
| **RHODE ISLAND NOVELTY, INC.,** | |
| **Defendant/Plaintiff-in-Counterclaim.** | |

Defendant Rhode Island Novelty, Inc. ("Rhode Island Novelty") respectfully submits this Answer, including affirmative defenses, to the First Amended Complaint of the Plaintiff, K&M International, Inc. ("K&M"). Plaintiff's First Amended Complaint, like the original Complaint, is designed for the sole purpose of preventing Rhode Island Novelty from distributing wildlife-related toys in the zoo, museum and aquarium market ("ZMA market"). K&M's anticompetitive motive remains apparent from the face of the First Amended Complaint. In its First Amended Complaint, which is liberally laced with gratuitous and otherwise defamatory comments about Rhode Island Novelty's business operations and sales tactics, K&M admits that it cannot compete on price with Rhode Island Novelty's product line. K&M has filed this action in an attempt to do what it cannot do in the marketplace: stop Rhode Island Novelty from engaging in lawful commercial activities. In response, Rhode Island Novelty has filed this answer. Rhode Island Novelty previously asserted a counterclaim against K&M.[1] Except as otherwise

[1] In response to K&M's Complaint, Rhode Island Novelty answered and filed a counterclaim ("Counterclaim") on April 26, 2006. K&M subsequently answered the Counterclaim. Rhode Island Novelty has not re-filed its Counterclaim with this Answer to the First Amended Complaint, and the filing of this Answer shall not be deemed a waiver or withdrawal of its pending Counterclaim in this action.

expressly admitted herein, Rhode Island Novelty denies each and every allegation in the Plaintiff's First Amended Complaint. The Defendant hereby responds in corresponding numbered paragraphs as follows:

1. The allegations in this paragraph are introductory in nature to which no answer is required. Defendant denies any factual allegations that may be alleged in this paragraph.

2. Defendant admits that K&M sells toys under the name "Wild Republic." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and hence denies same.

3. Defendant admits the allegations in the first sentence of this paragraph that Rhode Island Novelty imports and distributes novelty and toy items. Defendant denies the remaining factual allegations contained in the first sentence of this paragraph. Defendant also denies the factual allegations contained in the second, third and fourth sentences of this paragraph. Defendant admits the factual allegation in the fifth sentence of this paragraph that Rhode Island Novelty hired Andrew Alberto as a sales manager. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in the fifth sentence of this paragraph and hence denies same. Defendant admits the factual allegations contained in footnote 1 to the sixth sentence of this paragraph. Defendant denies all of the remaining factual allegations contained in this paragraph.

4. The allegations in this paragraph are introductory in nature to which no answer is required. Defendant denies any factual allegations that may be alleged in this

paragraph. The remaining allegations in this paragraph call for a legal conclusion to which no answer is required.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained this paragraph and hence denies same.

6. Defendant admits the factual allegations contained in this paragraph.

7. Defendant admits that this Court has jurisdiction over the subject matter of this action. The statutory provisions cited by the Plaintiff speak for themselves.

8. Defendant admits that venue in this Court is proper. The statutory provision cited by the Plaintiff speaks for itself.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in this paragraph and hence denies same. The documents referred to in this paragraph speak for themselves.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in this paragraph and hence denies same.

11. The documents referred to in this paragraph speak for themselves. The allegations contained in this paragraph call for a legal conclusion to which no response is required. To the extent that there are any remaining factual allegations in this paragraph, Defendant is without knowledge or information sufficient to form a belief as to the truth of such factual allegations and hence denies same.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of this paragraph and

hence denies same. The remaining allegations contained in this paragraph call for a legal conclusion to which no response is required.

13. The document referred to in this paragraph speaks for itself. The allegations contained in this paragraph call for a legal conclusion to which no response is required. To the extent that there are any remaining factual allegations in this paragraph, Defendant is without knowledge or information sufficient to form a belief as to the truth of such factual allegations and hence denies same.

14. The allegations contained in this paragraph call for a legal conclusion to which no response is required. To the extent that there are any remaining factual allegations in this paragraph, Defendant is without knowledge or information sufficient to form a belief as to the truth of such factual allegations and hence denies same.

15. The documents referred to in this paragraph speak for themselves. The allegations contained in this paragraph call for a legal conclusion to which no response is required. To the extent that there are any remaining factual allegations in this paragraph, Defendant is without knowledge or information sufficient to form a belief as to the truth of such factual allegations and hence denies same.

16. The allegations contained in this paragraph call for a legal conclusion to which no response is required. To the extent that there are any remaining factual allegations in this paragraph, Defendant is without knowledge or information sufficient to form a belief as to the truth of such factual allegations and hence denies same.

17. Defendant admits the factual allegation in this paragraph that Rhode Island Novelty imports novelty and toy items. Defendant denies the remaining allegations in this paragraph.

18. Defendant denies that it engages in "unscrupulous business practices." The document referred to in this paragraph speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in this paragraph relating to the Plaintiff's state of mind or alleged knowledge, and hence denies same. Defendant denies the remaining factual allegations in this paragraph.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in this paragraph to the effect that "K&M lost track of Rhode Island Novelty until last year when K&M discovered...," and hence denies same. Defendant denies the remaining factual allegations contained in this paragraph.

20. Defendant denies the factual allegations contained in this paragraph.

21. Defendant admits that Rhode Island Novelty is selling plush animals toys, hanging monkey toys, pinchers, paint kits and PVC toys in plastic tubes, among other products. The document referred to in this paragraph speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to the truth of the factual allegation that "one of K&M's customers" made a certain report to K&M, and hence denies same. Defendant denies the remaining factual allegations contained in this paragraph.

22. Defendant admits that on or about August 1, 2005, Andy Alberto was temporarily given the title of product line coordinator by K&M and that Rhode Island Novelty hired Mr. Alberto as a sales manager later in 2005. Defendant denies the remaining factual allegations contained in this paragraph.

23. Defendant admits that Rhode Island Novelty competes with K&M, that Rhode Island Novelty attended trade shows in Tennessee in 2005 and New York in 2006 and that Rhode Island Novelty maintains the website referenced by the Plaintiff. Defendant denies the remaining factual allegations contained in this paragraph.

24. Defendant denies the factual allegations contained in this paragraph. The remaining allegations in this paragraph call for a legal conclusion to which no answer is required.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in this paragraph and hence denies same. The remaining allegations in this paragraph call for a legal conclusion to which no answer is required. Defendant denies any remaining factual allegations contained in this paragraph.

26. The allegations in this paragraph call for a legal conclusion or speculation, to which no answer is required. Defendant denies any remaining factual allegations contained in this paragraph.

27. Defendant denies the factual allegations contained in this paragraph. The remaining allegations in this paragraph call for a legal conclusion or speculation, to which no answer is required.

**<u>First Cause of Action</u>**

**TRADEMARK INFRINGEMENT**

28. Defendant restates and incorporates by reference its responses to the allegations in ¶¶ 1-27 of Plaintiff's First Amended Complaint.

29. Denied.

30. Denied.

31. Denied.

**<u>Second Cause of Action</u>**

**LANHAM ACT SECTION 43(a)**

32. Defendant restates and incorporates by reference its responses to the allegations in ¶¶ 1-31 of Plaintiff's First Amended Complaint.

33. Denied.

34. Denied.

35. Denied.

**<u>Third Cause of Action</u>**

**COPYRIGHT INFRINGEMENT**

36. Defendant restates and incorporates by reference its responses to the allegations in ¶¶ 1-35 of Plaintiff's First Amended Complaint.

37. Denied.

38. Denied.

39. Denied.

**<u>Fourth Cause of Action</u>**

**COMMON LAW UNFAIR COMPETITION**

40. Defendant restates and incorporates by reference its responses to the allegations in ¶¶ 1-39 of Plaintiff's First Amended Complaint.

41. Denied.

42. Denied.

**<u>Fifth Cause of Action</u>**

**TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS**

43. Defendant restates and incorporates by reference its responses to the allegations in ¶¶ 1-42 of Plaintiff's First Amended Complaint.

44. The document referred to in this paragraph speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in this paragraph and hence denies same.

45. The document referred to in this paragraph speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in this paragraph and hence denies same.

46. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and hence denies same.

47. Denied.

48. Defendant admits that Mr. Nowak, Rhode Island Novelty's President, met with Mr. Alberto more than once before hiring him. Defendant denies the remaining factual allegations contained in this paragraph.

49. Denied.

50. The allegations in this paragraph call for a legal conclusion to which no response is required.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

## Sixth Cause of Action

## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

57. Defendant restates and incorporates by reference its responses to the allegations in ¶¶ 1-56 of Plaintiff's First Amended Complaint.

58. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and hence denies same.

59. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and hence denies same.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

**Seventh Cause of Action**

**UNJUST ENRICHMENT**

65. Defendant restates and incorporates by reference its responses to the allegations in ¶¶ 1-64 of Plaintiff's First Amended Complaint.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

**Eight Cause of Action**

**MISAPPROPRIATION OF TRADE SECRETS**

71. Defendant restates and incorporates by reference its responses to the allegations in ¶¶ 1-70 of Plaintiff's First Amended Complaint.

72. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and hence denies same.

73. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and hence denies same.

74. Denied.

75. Denied.

WHEREFORE, Defendant denies that the Plaintiff is entitled to any of its claimed relief and hereby requests that the Court deny Plaintiff's claims in their entirety and enter judgment in Defendant's favor thereon, together with interest, costs, attorney's fees and other appropriate relief.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's complaint is barred in whole or in part by the statute of limitations.

### THIRD DEFENSE

Plaintiff's complaint is barred in whole or in part by the doctrine of laches.

### FOURTH DEFENSE

Plaintiff's complaint is barred in whole or in part by the doctrine of estoppel.

### FIFTH DEFENSE

Plaintiff's complaint is barred in whole or in part by the doctrine of waiver.

### SIXTH DEFENSE

Plaintiff's complaint is barred in whole or in part by the doctrine of unclean hands.

### SEVENTH DEFENSE

Plaintiff's complaint is barred in whole or in part by the doctrine of acquiescence.

### EIGHTH DEFENSE

Plaintiff's complaint is barred in whole or in part by the doctrine of abandonment.

### NINTH DEFENSE

Plaintiff's complaint is barred in whole or in part by the doctrine of justification.

**TENTH DEFENSE**

Plaintiff's complaint is barred in whole or in part by the fair use doctrine.

**ELEVENTH DEFENSE**

Any claims of infringement are barred because of Plaintiff's lack of ownership.

**TWELFTH DEFENSE**

Any claims of infringement are barred because the Plaintiff has not properly registered to acquire its alleged rights.

**THIRTEENTH DEFENSE**

Any claims of infringement are barred because the alleged infringement was *de minimis*.

**FOURTEENTH DEFENSE**

Any recovery to which the Plaintiff is entitled is barred by the intervening and superseding acts and/or omissions on the part of others over whom the Defendant had no control.

**FIFTEENTH DEFENSE**

To the extent that the Plaintiff has suffered damages, which the Defendant denies, the Plaintiff has failed to mitigate its damages.

**SIXTEENTH DEFENSE**

Plaintiff's complaint is barred in whole or in part by the doctrine of independent development.

**SEVENTEENTH DEFENSE**

The complaint is barred in whole or in part because certain information which the Plaintiff contends was misappropriated is generally known, readily ascertainable, and/or a matter of public record.

**EIGHTEENTH DEFENSE**

Plaintiff's complaint is barred in whole or in part by the doctrines of collateral estoppel, issue preclusion and claim preclusion.

**NINETEENTH DEFENSE**

Plaintiff's complaint is barred in whole or in part by the doctrine of trademark misuse.

**TWENTIETH DEFENSE**

Defendant reserves the right to supplement this answer to add additional defenses.

Respectfully submitted,
Rhode Island Novelty, Inc.
By its attorneys:

William A. Poore (#1436)
Christopher J. O'Connor (#5078)
POORE & ROSENBAUM
30 Exchange Place
Providence, Rhode Island 02903
Tel: (401) 831-2600
Fax: (401) 831-2220

*and Pro Hac Vice Counsel*

Joseph P. Davis III (BBO#551111)
James P. Ponsetto (BBO# 556144)
GREENBERG TRAURIG, LLP
One International Place
Boston, Massachusetts 02110
Tel: (617) 310-6000
Fax: (617) 310-6001

**JURY DEMAND**

The defendant and plaintiff-in-counterclaim hereby demands a jury trial on all counts so triable.

Dated: August 3, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that the above document was served on counsel for the Plaintiff in this action, by first class mail, on August 3, 2006.

Bruce W. Gladstone
CAMERON & MITLEMAN LLP
56 Exchange Terrace
Providence, Rhode Island 02903

Edmund J. Ferdinand, III
GRIMES & BATTERSBY, LLP
488 Main Avenue, 3rd Fl.
Norwalk, Connecticut 06851-1008

Steven E. Seasly
HAHN, LOESER & PARKS
3300 BP Tower
200 Public Square
Cleveland, Ohio 44114

Christopher O'Connor