**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **K&M INTERNATIONAL, INC.,**<br><br>**Plaintiff and**<br>**Defendant-in-Counterclaim,**<br>**v.**<br><br>**RHODE ISLAND NOVELTY, INC.,**<br><br><br>**Defendant and**<br>**Plaintiff-in-Counterclaim.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **C.A. No: 06-159-ML-DLM** |

**RHODE ISLAND NOVELTY, INC.'S RESPONSES**
**TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant/Plaintiff-in-Counterclaim, Rhode Island Novelty, Inc. ("Rhode Island Novelty") hereby responds to the First Request for Production of Documents propounded by K&M International, Inc. ("K&M") as follows:

**GENERAL OBJECTIONS**

The following General Objections are made to each and every Request and are hereby incorporated into Rhode Island Novelty's response to each and every Request.

1. Rhode Island Novelty objects to the Requests to the extent that they call for the production of documents that constitute attorney work product, were prepared in anticipation of or in connection with litigation, disclose the mental impressions, conclusions, opinions or legal theories of any attorney for Rhode Island Novelty, contain privileged attorney-client communications, or are otherwise protected from disclosure under applicable privileges, laws or rules.

2. Rhode Island Novelty objects to Requests to the extent they seek trade secrets or other confidential and/or sensitive proprietary business information. Provided

the information sought is not otherwise objectionable and is discoverable, Rhode Island Novelty will agree to produce some such documents pursuant to court-ordered non-disclosure agreement between the parties limiting the dissemination of such documents. Rhode Island Novelty will agree to produce other such documents only pursuant to court order.

3. Rhode Island Novelty objects to the Requests to the extent they are overbroad, ambiguous, vague, unduly burdensome, or seeks discovery of documents or information that is neither relevant to any claim or defense of a party, nor reasonably calculated to lead to the discovery of admissible evidence.

4. Rhode Island Novelty objects to the Requests to the extent that they seek to impose burdens and obligations exceeding those required by the Federal Rules of Civil Procedure (the "Federal Rules") and the Local Rules of the United States District Court for the District of Rhode Island (the "Local Rules").

5. Rhode Island Novelty objects to the Requests to the extent that they purport to require Rhode Island Novelty to produce documents outside of Rhode Island Novelty's possession, custody or control.

6. Rhode Island Novelty objects to the Requests to the extent they seek documents not related to the claims set forth in K&M's Amended Complaint dated July 19, 2006 as being overbroad, as being grossly overbroad, unduly burdensome, not relevant to any claim or defense of the parties and not reasonably calculated to lead to the discovery of admissible evidence.

7. Rhode Island Novelty objects to Requests' definition of the terms "you," "your," or "RINCO" to the extent they include people over whom Rhode Island Novelty

has no control and to the extent they purport to require Rhode Island Novelty to produce documents that are not in Rhode Island Novelty's possession, custody or control.

8. Rhode Island Novelty objects to the Requests' definition of the term "Document" to the extent it differs from the definition set forth in the Federal Rules and any Local Rule.

9. Rhode Island Novelty objects to the Requests to the extent they seek confidential or propriety business or financial information in the absence of a court-ordered non-disclosure agreement between the parties properly limiting the dissemination of such documents.

10. Rhode Island Novelty's agreement to produce documents pursuant to any Requests is not a representation that any such documents exist, ever existed or that any such documents are in the custody, possession or control of the Rhode Island Novelty or ever were.

11. The production of any document by Rhode Island Novelty is not an admission that such Document is relevant to any claim or defense in this action or that such document is admissible at any trial or proceeding herein.

12. Rhode Island Novelty objects to the extent that any request is indefinite as to time frame.

13. The production any document shall not constitute a waiver of any applicable objection and is without prejudice to the rights of Rhode Island Novelty to object later that such document is protected by the attorney-client privilege or any other applicable privilege or constitutes attorney work product or material prepared in anticipation of or in connection with litigation, and that production of any such document

was inadvertent. In the event a privileged or protected document is produced inadvertently, Rhode Island Novelty reserves the right to demand the return of the document and any copies thereof.

14. Rhode Island Novelty reserves the right to supplement, amend, or correct all or part of any of the responses provided herein.

**SPECIFIC RESPONSES AND OBJECTIONS**

**REQUEST NO. 1**

**All documents in your possession which refer, relate, or pertain to Andrew Alberto.**

**RESPONSE TO REQUEST NO. 1**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty objects to this on the grounds that it seeks documents containing confidential personnel information, the confidentiality of which Rhode Island Novelty is obligated to protect.

Rhode Island Novelty also objects to this request on the grounds that it is descriptive of documents prepared in anticipation of litigation and/or otherwise protected by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce any non-privileged documents in its possession, custody or control which are responsive to other, more specific requests herein relating to Mr. Alberto.

**<u>REQUEST NO. 2</u>**

**Andrew Alberto's personnel file.**

**<u>RESPONSE TO REQUEST NO. 2</u>**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty objects to this request on the grounds that it seeks documents containing confidential personnel information, the confidentiality of which Rhode Island Novelty is obligated to protect.

Rhode Island Novelty also objects to this request on the grounds that it is descriptive of documents prepared in anticipation of litigation and/or otherwise protected by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce any non-privileged documents in its possession, custody or control which are responsive to other, more specific requests herein relating to Mr. Alberto.

**<u>REQUEST NO. 3</u>**

**All documents which refer, relate or pertain to Andrew Alberto's employment with RINCO.**

**<u>RESPONSE TO REQUEST NO. 3</u>**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty object to this on the grounds that it seeks documents

containing confidential personnel information, the confidentiality of which Rhode Island Novelty is obligated to protect.

Rhode Island Novelty also objects to this request on the grounds that it is descriptive of documents prepared in anticipation of litigation and/or otherwise protected by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce any non-privileged documents in its possession, custody or control which are responsive to other, more specific requests herein relating to Mr. Alberto.

**REQUEST NO. 4**

**All documents, including but not limited to, all sales orders, purchase orders, invoices, bills, receipts of sales, and any other financial data, which refer, relate, or pertain to any sales solicited and/or consummated by Andrew Alberto to prospective and/or current customers of RINCO from September 30, 2005 to the present.**

**RESPONSE TO REQUEST NO. 4**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty objects to this Request to the extent it seeks trade secrets and other confidential and/or sensitive proprietary business information.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control relating to sales of "Wild Adventures" products.

**REQUEST NO. 5**

**All documents and things identified in RINCO's responses to K&M's First Set of Interrogatories.**

**RESPONSE TO REQUEST NO. 5**

With the exception of Answer No. 7, Rhode Island Novelty's response to K&M's First Set of Interrogatories does not specifically refer to any documents or things. Rhode Island Novelty will produce the documents referenced in Answer No. 7.

**REQUEST NO. 6**

**A list of all current and prospective customers serviced by Andrew Alberto on behalf of RINCO from his date of hire to the present.**

**RESPONSE TO REQUEST NO. 6**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty objects to this request to the extent it seeks confidential and/or sensitive proprietary business information.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control relating to "Wild Adventures" customers.

**REQUEST NO. 7**

**All documents which refer, relate or pertain to any business income, bonuses, benefits, expenses, legal fees, and/or sales commissions earned and/or received by Andrew Alberto from RINCO from the beginning of 2005 to the present.**

**RESPONSE TO REQUEST NO. 7**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope, reasonably calculated to lead to the discovery of admissible evidence and having no apparent bearing on any issue in this case.

Rhode Island Novelty objects to this on the grounds that it seeks documents containing confidential personnel information, the confidentiality of which Rhode Island Novelty is obligated to protect.

Rhode Island Novelty objects to this request to the extent it seeks confidential and/or sensitive proprietary business information.

Rhode Island Novelty also objects to this request on the grounds that it is descriptive of documents prepared in anticipation of litigation and/or otherwise protected by the attorney-client privilege and/or the work-product doctrine.

**REQUEST NO. 8**

**All documents constituting, evidencing, and/or relating to any business income, profits, sales, commissions, orders, or any other revenue received and/or earned by RINCO in 2005 and 2006 as a result of Andrew Alberto's employment with RINCO.**

**RESPONSE TO REQUEST NO. 8**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty objects to this on the grounds that it seeks documents containing confidential personnel information, the confidentiality of which Rhode Island Novelty is obligated to protect.

Rhode Island Novelty objects to this request to the extent it seeks confidential and/or sensitive proprietary business information.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control relating to "Wild Adventures."

**REQUEST NO. 9**

**All documents which refer, relate or pertain to the termination of Andrew Alberto's employment with Plaintiff K&M on or about September 30, 2005.**

**RESPONSE TO REQUEST NO. 9**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty also objects to this request on the grounds that it is descriptive of documents prepared in anticipation of litigation and/or otherwise protected by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control.

**REQUEST NO. 10**

**All documents which refer, relate, or pertain to any communications, meetings, sales calls, or any other business contact that Andrew Alberto had with Connecticut's Beardsley Zoo or any of its subsidiaries, divisions, affiliated**

**companies, agents, employees, directors, officers, or shareholders on behalf of RINCO from September 30, 2005 to the present.**

**RESPONSE TO REQUEST NO. 10**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty objects to this request to the extent it seeks confidential and/or sensitive proprietary business information.

Rhode Island Novelty also objects to this request on the grounds that it is descriptive of documents prepared in anticipation of litigation and/or otherwise protected by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control.

**REQUEST NO. 11**

**All documents which refer, relate, or pertain to any communications, meetings, sales calls, or any other business contact that Andrew Alberto had with Brandywine Zoo or any of its subsidiaries, divisions, affiliated companies, agents, employees, directors, officers, or shareholders on behalf of RINCO from September 30, 2005 to the present.**

**RESPONSE TO REQUEST NO. 11**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty objects to this request to the extent it seeks confidential and/or sensitive proprietary business information.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control.

**REQUEST NO. 12**

**All documents which refer, relate, or pertain to any communications, meetings, sales calls, or any other business contact that Andrew Alberto had with St. Louis Zoological Society or any of its subsidiaries, divisions, affiliated companies, agents, employees, directors, officers, or shareholders on behalf of RINCO from September 30, 2005 to the present.**

**RESPONSE TO REQUEST NO. 12**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty objects to this Request to the extent it seeks confidential and/or sensitive proprietary business information.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control.

**REQUEST NO. 13**

**All documents which refer, relate, or pertain to any communications, meetings, sales calls, or any other business contact that Andrew Alberto had with Chicago Zoological Society or any of its subsidiaries, divisions, affiliated companies, agents, employees, directors, officers, or shareholders on behalf of RINCO from September 30, 2005 to the present.**

**RESPONSE TO REQUEST NO. 13**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not

reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty objects to this request to the extent it seeks confidential and/or sensitive proprietary business information.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control.

**REQUEST NO. 14**

**All documents which refer, relate, or pertain to any communications, meetings, sales calls, or any other business contact that Andrew Alberto had with Milwaukee Country Zoo or any of its subsidiaries, divisions, affiliated companies, agents, employees, directors, officers, or shareholders on behalf of RINCO from September 30, 2005 to the present.**

**RESPONSE TO REQUEST NO. 14**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty objects to this request to the extent it seeks confidential and/or sensitive proprietary business information.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control.

**REQUEST NO. 15**

**All documents which refer, relate, or pertain to any communications, meetings, sales calls, or any other business contact that Andrew Alberto had with Henry Doorly Zoo - Gift Shop or any of its subsidiaries, divisions, affiliated companies, agents, employees, directors, officers, or shareholders on behalf of RINCO from September 30, 2005 to the present.**

**RESPONSE TO REQUEST NO. 15**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty objects to this Request to the extent it seeks confidential and/or sensitive proprietary business information.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control.

**REQUEST NO. 16**

**All documents which refer, relate, or pertain to any communications, meetings, sales calls, or any other business contact that Andrew Alberto had with K&M's current and/or prospective customers (that Andrew Alberto serviced as a former employee of K&M) on behalf of RINCO.**

**RESPONSE TO REQUEST NO. 16**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence, and calls for speculation as to the identity of "K&M's current and/or prospective customers."

Rhode Island Novelty objects to this request to the extent it seeks confidential and/or sensitive proprietary business information.

Rhode Island Novelty also objects to this request on the grounds that it is descriptive of documents prepared in anticipation of litigation and/or otherwise protected by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control.

**REQUEST NO. 17**

**All documents, including but not limited to any and all sales orders, purchases orders, invoiced, bills, receipts of sales, and any other sales information, which refer, relate, or pertain to any communications, meetings, sales calls, and any other business contact that Andrew Alberto had with any of K&M's current and/or prospective customers on behalf of RINCO from September 30, 2005 to the present.**

**RESPONSE TO REQUEST NO. 17**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence and calls for speculation as to the identity of "K&M's current and/or prospective customers."

Rhode Island Novelty objects to this request to the extent it seeks confidential and/or sensitive proprietary business information.

Rhode Island Novelty also objects to this request on the grounds that it is descriptive of documents prepared in anticipation of litigation and/or otherwise protected by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control.

**REQUEST NO. 18**

**All documents which refer, relate, or pertain to any non-competition and/or confidentiality agreements with Andrew Alberto entered into with K&M.**

**RESPONSE TO REQUEST NO. 18**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty also objects to this request on the grounds that it is descriptive of documents prepared in anticipation of litigation and/or otherwise protected by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control.

**REQUEST NO. 19**

**All documents which refer, relate, or pertain to K&M's confidential information, including but not limited to: information relating to K&M's operations, product, finances (profit and cost ratios), trade secrets, pricing information, accounting practices, sales personnel, formulas, processes, manufacturing techniques, customer information (call reports, customer lists, prospect lists, and customers' names and addresses), confidential computer software, equipment specifications, marketing plans and techniques, sales plans and techniques, research and development plans and data, and production plans and data.**

**RESPONSE TO REQUEST NO. 19**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty also objects to this request to the extent that the term "confidential information" is vague, overbroad and undefined.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty has no documents responsive to this request.

**REQUEST NO. 20**

**All documents which refer, relate, or pertain to any communications, meetings, or other business contact that Andrew Alberto had with Mr. Bob Nowak, President of RINCO, between August 1, 2005 and October 31, 2005.**

**RESPONSE TO REQUEST NO. 20**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty objects to this request to the extent it seeks confidential and/or sensitive proprietary business information.

Rhode Island Novelty also objects to this request on the grounds that it is descriptive of documents prepared in anticipation of litigation and/or otherwise protected by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control.

**REQUEST NO. 21**

**Andy Alberto's wage information, including W-2's, paycheck stubs, commission statements, and any other wage-related information.**

**RESPONSE TO REQUEST NO. 21**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty object to this on the grounds that it seeks documents containing confidential personnel information, the confidentiality of which Rhode Island Novelty is obligated to protect.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce any non-privileged documents in its possession, custody or control which are responsive to other, more specific requests herein relating to Mr. Alberto.

**REQUEST NO. 22**

**A copy of Bob Nowak's cell phone records from August 1, 2005 to October 31, 2005.**

**RESPONSE TO REQUEST NO. 22**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty object to this request on the grounds that it seeks documents containing confidential personnel information, the confidentiality of which Rhode Island Novelty is obligated to protect.

**REQUEST NO. 23**

**A copy of Bob Nowak's cell phone records from January 5, 2006 to April 15, 2006.**

**RESPONSE TO REQUEST NO. 23**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty object to this request on the grounds that it seeks documents containing confidential personnel information, the confidentiality of which Rhode Island Novelty is obligated to protect.

**REQUEST NO. 24**

**A copy of Andrew Alberto's cell phone records from August 1, 2005 to October 31, 2005.**

**RESPONSE TO REQUEST NO. 24**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty object to this on the grounds that it seeks documents containing confidential personnel information, the confidentiality of which Rhode Island Novelty is obligated to protect.

**REQUEST NO. 25**

**A copy of Andrew Alberto's cell phone records from January 5, 2006 to April 15, 2006.**

**RESPONSE TO REQUEST NO. 25**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty object to this on the grounds that it seeks documents containing confidential personnel information, the confidentiality of which Rhode Island Novelty is obligated to protect.

**REQUEST NO. 26**

**All documents which refer, relate, or pertain to any communications, meetings, or any other business contact that Andrew Alberto had with anyone employed by RINCO or acting on its behalf, between January 5, 2006 and April 15, 2006.**

**RESPONSE TO REQUEST NO. 26**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce any non-privileged documents in its possession, custody or control which are responsive to other, more specific requests herein relating to Mr. Alberto.

**REQUEST NO. 27**

**All documents, things and evidence that RINCO intends to introduce at any trial, hearing or in connection with any dispositive motion in this action.**

**RESPONSE TO REQUEST NO. 27**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence and unintelligible.

Rhode Island Novelty also objects to this request on the grounds that it is descriptive of documents prepared in anticipation of litigation and/or otherwise protected by the attorney-client privilege and/or the work-product doctrine.

**REQUEST NO. 28**

**All documents and things provided to or received from any person, including but limited to any witness or potential witness, in connection with the present actions.**

**RESPONSE TO REQUEST NO. 28**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence and unintelligible.

Rhode Island Novelty also objects to this request on the grounds that it is descriptive of documents prepared in anticipation of litigation and/or otherwise protected by the attorney-client privilege and/or the work-product doctrine.

**REQUEST NO. 29**

**All documents and things provided to or received from any expert witness or consultant retained by RINCO in connection with the present action.**

**RESPONSE TO REQUEST NO. 29**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty also objects to this request on the grounds that it is descriptive of documents prepared in anticipation of litigation and/or otherwise protected by the attorney-client privilege and/or the work-product doctrine.

Rhode Island Novelty further objects to this request to the extent that it seeks information which is not discoverable pursuant to Fed. R. Civ. P. 26(a)(2).

Subject to and without waiving the general objections or the specific objections above, pursuant to the Pretrial Order dated July 5, 2006, Rhode Island Novelty will

disclose its testifying experts by November 15, 2006.

**REQUEST NO. 30**

**All documents which refer, relate, or pertain to RINCO's adoption and selection of the trademark "Wild Adventures".**

**RESPONSE TO REQUEST NO. 30**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty also objects to this request on the grounds that it is descriptive of documents prepared in anticipation of litigation and/or otherwise protected by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control.

**REQUEST NO. 31**

**Representative samples of labels, tags, packaging, or containers, showing any and all uses of the trademark "Wild Adventures" by RINCO or its authorized licensees or affiliates since its initial adoption.**

**RESPONSE TO REQUEST NO. 31**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will make available to K&M for inspection non-privileged, responsive items in its possession, custody or control.

**REQUEST NO. 32**

**All documents referring or relating to or tending to show how the trademark "Wild Adventures" has been used, advertised or promoted in the U.S. by RINCO or its authorized licensees or affiliates since the date of its initial adoption, including brochures, newspaper articles, advertisements, magazine or trade journal articles, Internet advertising and promotion, and radio or television advertisements.**

**RESPONSE TO REQUEST NO. 32**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence. The term "used" is vague, overbroad and undefined.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control.

**REQUEST NO. 33**

**All documents evidencing, relating or referring to authorizations or agreements with third parties involving the trademark "Wild Adventuress" or any variation thereof, including but not limited to, all licenses, franchise agreements or manufacturing agreements.**

**RESPONSE TO REQUEST NO. 33**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty objects to this request to the extent it seeks confidential and/or sensitive proprietary business information.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control.

**REQUEST NO. 34**

**Produce a sample of each and every advertisement, marketing, promotional or point of sale material printed, published or disseminated by or on behalf of RINCO or its authorized licensees or affiliates depicting the trademark "Wild Adventures" since the date of its initial adoption.**

**RESPONSE TO REQUEST NO. 34**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence. The term "used" is vague and undefined.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control.

**REQUEST NO. 35**

**Produce a sample of each product listed in the 2006 "Wild Adventures" catalog.**

**RESPONSE TO REQUEST NO. 35**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will make available to K&M for inspection any responsive items in its possession, custody or control.

**REQUEST NO. 36**

**For each product listed in the 2006 "Wild Adventures" catalog, documents sufficient to show the volume of sales in dollars for each year since the introduction of each such production.**

**RESPONSE TO REQUEST NO. 36**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty objects to this request to the extent it seeks confidential and/or sensitive proprietary business information.

Rhode Island Novelty also objects to this request on the grounds that it is descriptive of documents prepared in anticipation of litigation and/or otherwise protected by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control.

**REQUEST NO. 37**

**For each product listed in this 2006 "Wild Adventures" catalog, documents sufficient to show the volume of sales in units for each year since the introduction of each such product.**

**RESPONSE TO REQUEST NO. 37**

Rhode Island Novelty objects to this request on the grounds that it is unduly

burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty objects to this request to the extent it seeks confidential and/or sensitive proprietary business information.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control.

**REQUEST NO. 38**

**For each product listed in the 2006 "Wild Adventures" catalog documents sufficient to show the wholesale and retail price of each product for each year since the introduction of each such product.**

**RESPONSE TO REQUEST NO. 38**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty objects to this request to the extent it seeks confidential and/or sensitive proprietary business information.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control.

**REQUEST NO. 39**

**For each product listed in the 2006 "Wild Adventures" catalog documents sufficient to show the amount of profit realized by RINCO of each product for each year since the introduction of each such product.**

**RESPONSE TO REQUEST NO. 39**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty objects to this request to the extent it seeks confidential and/or sensitive proprietary business information.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control (a) consistent with, and after a ruling on, Rhode Island Novelty's Motion to Bifurcate, and (b) pursuant to court-ordered non-disclosure agreement between the parties appropriately limiting the dissemination of this information.

**REQUEST NO. 40**

**For each product listed in the 2006 "Wild Adventures" catalog documents sufficient to show any projections or forecasts of future sales of products sold by RINCO, its licensees or affiliates.**

**RESPONSE TO REQUEST NO. 40**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty objects to this request to the extent it seeks confidential and/or sensitive proprietary business information.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will agree to produce non-privileged, responsive

documents, if any, in its possession, custody or control only pursuant to court-ordered non-disclosure agreement between the parties properly limiting the dissemination of such documents.

**REQUEST NO. 41**

**For each product listed in the 2006 "Wild Adventures" catalog documents sufficient the identity and location of each customer of any product in the "Wild Adventures" line since the introduction of each such product.**

**RESPONSE TO REQUEST NO. 41**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty objects to this request to the extent it seeks confidential and/or sensitive proprietary business information.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control.

**REQUEST NO. 42**

**Produce a list of all customers in the Zoo, Museum and Aquaruim ("ZMA") market contracted by anyone on behalf of RINCO in an effort to sell "Wild Adventures" products.**

**RESPONSE TO REQUEST NO. 42**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty objects to this request to the extent it seeks confidential

and/or sensitive proprietary business information.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control.

**REQUEST NO. 43**

**Produce a list of retail customers outside of the ZMA market contracted by anyone on behalf of RINCO in an effort to sell "Wild Adventures" products.**

**RESPONSE TO REQUEST NO. 43**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty objects to this request to the extent it seeks confidential and/or sensitive proprietary business information.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control.

**REQUEST NO. 44**

**All documents and communications between RINCO, on the one hand, and any customer or potential customer of any "Wild Adventures" product, on the other hand, since January 1, 2005.**

**RESPONSE TO REQUEST NO. 44**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty also objects to this request on the grounds that seeks

confidential and/or sensitive propriety business information.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control.

**REQUEST NO. 45**

**All documents that refer or relate to any plans by RINCO, to expand use of its "Wild Adventures" trademark including, but not limited to, expansion of marketing lines, customer base or geographical areas served.**

**RESPONSE TO REQUEST NO. 45**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty objects to this request to the extent it seeks confidential and/or sensitive proprietary business information.

Rhode Island Novelty also objects to this request on the grounds that it is descriptive of documents prepared in anticipation of litigation and/or otherwise protected by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control pursuant to court-ordered non-disclosure agreement between the parties appropriately limiting the dissemination of this information.

**REQUEST NO. 46**

**All documents, in any form and without limitations, after January 1, 2005 concerning or reflecting any instance where a customer or potential customer of RINCO's has referred to K&M, K&M's "Wild Republic" brand and/or any of the products sold under K&M's "Wild Republic" brand.**

**RESPONSE TO REQUEST NO. 46**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty objects to this request to the extent it seeks confidential and/or sensitive proprietary business information.

Rhode Island Novelty also objects to this request on the grounds that it is descriptive of documents prepared in anticipation of litigation and/or otherwise protected by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control.

**REQUEST NO. 47**

**All documents, in any form and without limitations, after January 1, 2005 concerning or reflecting any instance where a customer or individual has referred to K&M, K&M's "Wild Republic" brand and/or any of the products sold under K&M's "Wild Republic" brand.**

**RESPONSE TO REQUEST NO. 47**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty objects to this request to the extent it seeks confidential and/or sensitive proprietary business information.

Rhode Island Novelty also objects to this request on the grounds that it is

descriptive of documents prepared in anticipation of litigation and/or otherwise protected by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control.

**REQUEST NO. 48**

**All documents, in any form and without limitations, after January 1, 2005 concerning or reflecting any instance where a customer or potential customer of RINCO's and/or any customer or individual, has stated, inquired or otherwise expresses a belief that:**

**(a) RINCO was the manufacturer or source of K&M's "Wild Republic" brand or products;**

**(b) K&M was the manufacture or source of RINCO's "Wild Adventures" brand or product;**

**(c) RINCO was in any way affiliated, connected or associated with K&M, the "Wild Republic" brand and/or any of the products sold under K&M, "Wild Republic" brand; and/or,**

**(d) RINCO's "Wild Adventures" line was in any way affiliated, connected or associated with K&M, the "Wild Republic" brand and/or any of the products sole under K&M's "Wild Republic" brand.**

**RESPONSE TO REQUEST NO. 48**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty objects to this request to the extent it seeks confidential and/or sensitive proprietary business information.

Rhode Island Novelty also objects to this request on the grounds that it is

descriptive of documents prepared in anticipation of litigation and/or otherwise protected by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control.

**REQUEST NO. 49**

**All financial statements (audited and un-audited), financial summaries, annual statements, annual filings, profit and loss statements (audited and un-audited), and corporate filings prepared by or for RINCO for each year from 2004 to the present.**

**RESPONSE TO REQUEST NO. 49**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty objects to this request to the extent it seeks confidential and/or sensitive proprietary business information.

**REQUEST NO. 50**

**All documents referenced on pages six through eight of RINCO's Initial Disclosures Pursuant to Rule 26(a)(1), dated July 14, 2006.**

**RESPONSE TO REQUEST NO. 50**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control.

**REQUEST NO. 51**

**All documents regarding the design and development of each product listed in the 2006 "Wild Adventures" catalog.**

**RESPONSE TO REQUEST NO. 51**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty objects to this request to the extent it seeks trade secrets or other confidential and/or sensitive proprietary business information.

Rhode Island Novelty also objects to this request on the grounds that it is descriptive of documents prepared in anticipation of litigation and/or otherwise protected by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control.

**REQUEST NO. 52**

**All documents that refer to, evidence or support RINCO's affirmative defense that K&M's claims are barred in whole in part by the doctrine of laches.**

**RESPONSE TO REQUEST NO. 52**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not

reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty also objects to this request on the grounds that it is descriptive of documents prepared in anticipation of litigation and/or otherwise protected by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control.

**REQUEST NO. 53**

**All documents that refer to, evidence or support RINCO's affirmative defense that K&M's claims are barred in whole in part by the doctrine of waiver.**

**RESPONSE TO REQUEST NO. 53**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty also objects to this request on the grounds that it is descriptive of documents prepared in anticipation of litigation and/or otherwise protected by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control.

**REQUEST NO. 54**

**All documents that refer to, evidence or support RINCO's affirmative defense that K&M's claims are barred in whole in part by the doctrine of estoppel.**

**RESPONSE TO REQUEST NO. 54**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty also objects to this request on the grounds that it is descriptive of documents prepared in anticipation of litigation and/or otherwise protected by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control.

**REQUEST NO. 55**

**All documents that refer to, evidence or support RINCO's affirmative defense that K&M's claims are barred in whole in part by the doctrine of unclean hands.**

**RESPONSE TO REQUEST NO. 55**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty also objects to this request on the grounds that it is descriptive of documents prepared in anticipation of litigation and/or otherwise protected by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control.

**REQUEST NO. 56**

**All documents that refer to, evidence or support RINCO's affirmative defense that K&M's claims are barred in whole in part by the doctrine of acquiescence.**

**RESPONSE TO REQUEST NO. 56**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty also objects to this request on the grounds that it is descriptive of documents prepared in anticipation of litigation and/or otherwise protected by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control.

**REQUEST NO. 57**

**All documents that refer to, evidence or support RINCO's affirmative defense that K&M's claims are barred in whole in part by the doctrine of abandonment.**

**RESPONSE TO REQUEST NO. 57**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty also objects to this request on the grounds that it is descriptive of documents prepared in anticipation of litigation and/or otherwise protected by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control.

**REQUEST NO. 58**

**All documents that refer to, evidence or support RINCO's affirmative defense that K&M's claims are barred in whole in part by the doctrine of justification.**

**RESPONSE TO REQUEST NO. 58**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty also objects to this request on the grounds that it is descriptive of documents prepared in anticipation of litigation and/or otherwise protected by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control.

**REQUEST NO. 59**

**All documents that refer to, evidence or support RINCO's affirmative defense that K&M's claims are barred in whole in part by the fair use doctrine.**

**RESPONSE TO REQUEST NO. 59**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty also objects to this request on the grounds that it is

descriptive of documents prepared in anticipation of litigation and/or otherwise protected by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control.

**REQUEST NO. 60**

**All documents that refer to, evidence or support RINCO's affirmative defense that K&M's claims are barred in whole in part by its lack of ownership.**

**RESPONSE TO REQUEST NO. 60**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty also objects to this request on the grounds that it is descriptive of documents prepared in anticipation of litigation and/or otherwise protected by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control.

**REQUEST NO. 61**

**All documents that refer to, evidence or support RINCO's affirmative defense that K&M's has not properly registered to acquire its rights.**

**RESPONSE TO REQUEST NO. 61**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not

reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty also objects to this request on the grounds that it is descriptive of documents prepared in anticipation of litigation and/or otherwise protected by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control.

**REQUEST NO. 62**

**All documents that refer to, evidence or support RINCO's affirmative defense that K&M's claims are barred in whole in part by any infringement is *de minimis*.**

**RESPONSE TO REQUEST NO. 62**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty also objects to this request on the grounds that it is descriptive of documents prepared in anticipation of litigation and/or otherwise protected by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control.

**REQUEST NO. 63**

**All documents that refer to, evidence or support RINCO's affirmative defense that K&M's claims are barred in whole in part by the intervening acts of third parties.**

**RESPONSE TO REQUEST NO. 63**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty also objects to this request on the grounds that it is descriptive of documents prepared in anticipation of litigation and/or otherwise protected by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control.

**REQUEST NO. 64**

**All documents that refer to, evidence or support RINCO's affirmative defense that K&M's claims are barred in whole in part by the fact that K&M has failed to mitigate its damages.**

**RESPONSE TO REQUEST NO. 64**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty also objects to this request on the grounds that it is descriptive of documents prepared in anticipation of litigation and/or otherwise protected by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control.

**REQUEST NO. 65**

**All documents that support RINCO's assertion in paragraph 6 of its counterclaims that "RINCO's sales market traditionally included buyers in the ZMA market".**

**RESPONSE TO REQUEST NO. 65**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty objects to this request to the extent it seeks confidential and/or sensitive proprietary business information.

Rhode Island Novelty also objects to this request on the grounds that it is descriptive of documents prepared in anticipation of litigation and/or otherwise protected by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control.

**REQUEST NO. 66**

**All documents that support RINCO's assertion in paragraph 8 of its counterclaims that "Wildlife Artists and Safari, Ltd. are among other companies which sell similar products in the ZMA market".**

**RESPONSE TO REQUEST NO. 66**

Rhode Island Novelty also objects to this request on the grounds that it is descriptive of documents prepared in anticipation of litigation and/or otherwise protected by the attorney-client privilege and/or the work-product doctrine.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control.

**REQUEST NO. 67**

**Documents sufficient to identify each and every trade show at which RINCO, its licensees or affiliates, marketed and promoted its "Wild Adventures" line since January 1, 2005.**

**RESPONSE TO REQUEST NO. 67**

Subject to and without waiving the general objections above, Rhode Island Novelty has identified in its answers to K&M's first set of interrogatories the trade shows attended by representatives of Rhode Island Novelty during the referenced time frame.

**REQUEST NO. 68**

**All documents that support RINCO's assertion in paragraph 27 of its counterclaims that certain orders were cancelled and/or that certain customers indicated they would not do business with RINCO because of the letter K&M mailed to its customers in April 2006.**

**RESPONSE TO REQUEST NO. 68**

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce non-privileged, responsive documents, if any, in its possession, custody or control.

**REQUEST NO. 69**

**All documents referring or relating to or concerning the allegations of Count One of RINCO's counterclaims, whether or not supportive of such allegations.**

**RESPONSE TO REQUEST NO. 69**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope, not reasonably

calculated to lead to the discovery of admissible evidence and unintelligible.

Rhode Island Novelty objects to this request to the extent it seeks confidential and/or sensitive proprietary business information.

Rhode Island Novelty also objects to this request on the grounds that it is descriptive of documents prepared in anticipation of litigation and/or otherwise protected by the attorney-client privilege and/or the work-product doctrine.

**REQUEST NO. 70**

**All documents referring or relating to or concerning the allegations of Count Two of RINCO's counterclaims, whether or not supportive of such allegations.**

**RESPONSE TO REQUEST NO. 70**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence and unintelligible.

Rhode Island Novelty objects to this request to the extent it seeks confidential and/or sensitive proprietary business information.

Rhode Island Novelty also objects to this request on the grounds that it is descriptive of documents prepared in anticipation of litigation and/or otherwise protected by the attorney-client privilege and/or the work-product doctrine.

**REQUEST NO. 71**

**All documents referring or relating to or concerning the allegations of Count Three of RINCO's counterclaims, whether or not supportive of such allegations.**

**RESPONSE TO REQUEST NO. 71**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope, not reasonably

calculated to lead to the discovery of admissible evidence and unintelligible.

Rhode Island Novelty objects to this request to the extent it seeks confidential and/or sensitive proprietary business information.

Rhode Island Novelty also objects to this request on the grounds that it is descriptive of documents prepared in anticipation of litigation and/or otherwise protected by the attorney-client privilege and/or the work-product doctrine.

**REQUEST NO. 72**

**All documents referring or relating to or concerning the allegations of Count Four of RINCO's counterclaims, whether or not supportive of such allegations.**

**RESPONSE TO REQUEST NO. 72**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence and unintelligible.

Rhode Island Novelty objects to this request to the extent it seeks confidential and/or sensitive proprietary business information.

Rhode Island Novelty also objects to this request on the grounds that it is descriptive of documents prepared in anticipation of litigation and/or otherwise protected by the attorney-client privilege and/or the work-product doctrine.

**REQUEST NO. 73**

**All documents referring or relating to or concerning the allegations of Count Five of RINCO's counterclaims, whether or not supportive of such allegations.**

**RESPONSE TO REQUEST NO. 73**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope, not reasonably

calculated to lead to the discovery of admissible evidence and unintelligible.

Rhode Island Novelty objects to this request to the extent it seeks confidential and/or sensitive proprietary business information.

Rhode Island Novelty also objects to this request on the grounds that it is descriptive of documents prepared in anticipation of litigation and/or otherwise protected by the attorney-client privilege and/or the work-product doctrine.

**REQUEST NO. 74**

**All documents referring or relating to or concerning the allegations of Count Six of RINCO's counterclaims, whether or not supportive of such allegations.**

**RESPONSE TO REQUEST NO. 74**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence and unintelligible.

Rhode Island Novelty objects to this request to the extent it seeks confidential and/or sensitive proprietary business information.

Rhode Island Novelty also objects to this request on the grounds that it is descriptive of documents prepared in anticipation of litigation and/or otherwise protected by the attorney-client privilege and/or the work-product doctrine.

**REQUEST NO. 75**

**All documents concerning the "Wild Adventures" product line related to the claims in K&M's First Amended Complaint and/or RINCO's counterclaims not covered by any prior request.**

**RESPONSE TO REQUEST NO. 75**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope, not reasonably

calculated to lead to the discovery of admissible evidence and unintelligible.

Rhode Island Novelty objects to this request to the extent it seeks confidential and/or sensitive proprietary business information.

Rhode Island Novelty also objects to this request on the grounds that it is descriptive of documents prepared in anticipation of litigation and/or otherwise protected by the attorney-client privilege and/or the work-product doctrine.

**REQUEST NO. 76**

**A copy of the hard drive for all computers used by Andy Alberto during his term of employment with RINCO.**

**RESPONSE TO REQUEST NO. 76**

Rhode Island Novelty objects to this request on the grounds that it is unduly burdensome, grossly overbroad, not properly limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.

Rhode Island Novelty object to this on the grounds that it seeks documents containing confidential personnel information, the confidentiality of which Rhode Island Novelty is obligated to protect.

Rhode Island Novelty also objects to this request on the grounds that it is descriptive of documents (a) prepared in anticipation of litigation and/or otherwise protected by the attorney-client privilege and/or the work-product doctrine and (b) outside the possession, custody or control of Rhode Island Novelty.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will produce any non-privileged documents in its possession, custody or control which are responsive to other, more specific requests herein relating to Mr. Alberto.

Respectfully Submitted,
RHODE ISLAND NOVELTY, INC.
By its attorneys,

William A. Poore (#1436)
Christopher J. O'Connor (# 5078 )
POORE & ROSENBAUM
30 Exchange Place
Providence, Rhode Island 02903
Tel: (401) 831-2600
Fax: (401) 831-2220

*And Pro Hac Vice Counsel*

Joseph P. Davis III (BBO#551111)
James P. Ponsetto (BBO# 556144)
GREENBERG TRAURIG, LLP
One International Place
Boston, Massachusetts 02110
Tel: (617) 310-6000
Fax: (617) 310-6001

**CERTIFICATION**

I, James P. Ponsetto, Esq., hereby certify that the within was mailed and emailed to all counsel of record this 25 day of August, 2006.

James P. Ponsetto

bos-fs1\197281v01