**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **K&M INTERNATIONAL, INC.,**<br><br>**Plaintiff and**<br>**Defendant-in-Counterclaim,**<br>**v.**<br><br>**RHODE ISLAND NOVELTY, INC.,**<br><br><br>**Defendant and**<br>**Plaintiff-in-Counterclaim.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **C.A. No: 06-159-ML-DLM** |

**RHODE ISLAND NOVELTY, INC.'S ANSWERS**
**TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant/Plaintiff-in-Counterclaim, Rhode Island Novelty, Inc. ("Rhode Island Novelty") hereby responds to the First Set of Interrogatories propounded by Plaintiff/Defendant-in-Counterclaim K&M International, Inc. ("K&M") as follows:

**Objections and Responses Common to All Interrogatories**

1. Rhode Island Novelty, based upon its current knowledge, understanding and belief of the facts and the information and documents available to it, responds by its answers and objections as set forth below. These responses reflect only the current state of Rhode Island Novelty's knowledge, understanding, and belief respecting the matters about which inquiry was made and, therefore, the responses herein can only constitute a preliminary position of Rhode Island Novelty.

2. Rhode Island Novelty has not yet completed discovery in this action. Rhode Island Novelty anticipates that as this action proceeds, further facts and documents may be discovered by Rhode Island Novelty. Rhode Island Novelty reserves the right to

modify or supplement its responses with such pertinent information as it may subsequently discover.

3. These responses are given without prejudice to using or relying on, at trial, subsequently discovered information omitted from these responses as a result of mistake, error, oversight or inadvertence. Rhode Island Novelty further reserves the right to produce additional facts, documents, and evidence at trial and to object on appropriate grounds to the introduction of any information or documents included in these responses.

4. Rhode Island Novelty's responses and objections are made without in any way waiving or intending to waive, but on the contrary, intending to preserve or preserving:

A. all questions as to competency, relevancy, materiality, privilege and admissibility as evidence for any purpose of the responses, or the subject matter thereof, in any subsequent proceeding in the trial of this or any other action;

B. the right to object on any ground to the use of said responses, or the subject matter thereof, in any subsequent proceeding in the trial of this or any other action; and

C. the right to object on any ground at any time to other discovery procedures involving or relating to the subject matter of these discovery requests.

5. The production of information or identification of a document by Rhode Island Novelty in contradiction of one or more of the objections herein is made without in any way waiving such objection(s).

6. Rhode Island Novelty generally objects to the following:

A. Each and every definition, instruction, and interrogatory to the extent that it seeks information or identification of a document which is not relevant to the subject matter of the present action, or is not reasonably calculated to lead to the discovery of admissible evidence and/or purports to impose obligations on Rhode Island Novelty beyond those included in the Federal Rules of Civil Procedure or any applicable local rule.

B. Plaintiff's interrogatories to the extent that they call for information or identification of a document which Rhode Island Novelty regards as being subject to the attorney-client privilege, as constituting attorney work product, as constituting trial preparation materials, or as being otherwise immune from discovery.

C. Plaintiff's interrogatories to the extent that they seek production of information or identification of a document containing third-party information subject to a non-disclosure agreement or other confidentiality requirement.

D. Interrogatories relating to information, documents or things which are not within Rhode Island Novelty's custody or control.

E. Requests for information or identification of a document which are overbroad or unduly burdensome.

**INTERROGATORY NO. 1**

Identify all persons who participated in the process of considering and/or selecting the name "Wild Adventures" for use in connection with toys, and, for each such person, describe his or her role in the process and the precise nature of the activities performed by each such person.

**ANSWER TO INTERROGATORY NO. 1**

Rhode Island Novelty objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. The term "nature of the activities performed" is vague, overly broad and undefined.

Subject to and without waiving the general objections or the specific objections above, Paul Basel[1] was retained by Rhode Island Novelty to select a name to describe Rhode Island Novelty's anticipated product line directed to the ZMA (zoo, museum and aquarium) market, among other tasks. Mr. Basel's company, Novelty Ventures, operates the gift shops at the Cleveland Metropark Zoo, 3900 Wildlife Way, Cleveland, Ohio,

[1] Mr. Basel, in his capacity as an agent of Rhode Island Novelty, is represented for discovery purposes in connection with this action by the undersigned counsel.

44109. Mr. Basel proposed the name "Wild Adventures" to Bogdan Nowak, President of Rhode Island Novelty, who elected to adopt the name. Karen L. Feisthamel, Esq., Hinckley, Allen & Snyder LLP, 1500 Fleet Center, Providence, RI 02903, counsel for Rhode Island Novelty, conducted a trademark search on behalf of Rhode Island Novelty. Rhode Island Novelty subsequently used "Wild Adventures" to identify its toy, novelty and related products directed to buyers in the ZMA Market.

**INTERROGATORY NO. 2**

Identify all experts or consultants from whom you have sought or obtained an opinion related to any issue in this litigation, either prior to the litigation or at any time through the present.

**ANSWER TO INTERROGATORY NO. 2**

Rhode Island Novelty objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and seeks information protected by the attorney work - product doctrine. Rhode Island Novelty also objects on the grounds that that K&M seeks information beyond the scope of Rule 26(a)(2).

Subject to and without waiving the general objections or the specific objections above, pursuant to the Pretrial Order dated July 5, 2006, Rhode Island Novelty will disclose its testifying experts by November 15, 2006.

**INTERROGATORY NO. 3**

Identify the person(s) most knowledgeable of Defendant's sales practices concerning the products in the "Wild Adventures" product line.

**ANSWER TO INTERROGATORY NO. 3**

Rhode Island Novelty objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the

discovery of admissible evidence. The terms "person(s) most knowledgeable" and "sales practices" are vague, overly broad and undefined.

Subject to and without waiving the general objections or the specific objections above, Bogdan Nowak, President of Rhode Island Novelty, and Andy Alberto, Sales Manager, have extensive knowledge regarding Rhode Island Novelty's efforts to sell "Wild Adventures" products.

**INTERROGATORY NO. 4**

Identify the person(s) most knowledgeable of Defendant's marketing and advertising practices concerning the products in the "Wild Adventures" product lines.

**ANSWER TO INTERROGATORY NO. 4**

Rhode Island Novelty objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The terms "person(s) most knowledgeable" and "marketing and advertising practices" are vague, overly broad and undefined.

Subject to and without waiving the general objections or the specific objections above, Bogdan Nowak, President of Rhode Island Novelty, and Paul Basel have extensive knowledge regarding Rhode Island Novelty's efforts to promote and sell "Wild Adventures" products.

**INTERROGATORY NO. 5**

Set forth the U.S. sales figures, in units and dollars, for each SKU in the "Wild Adventures" product line for each calendar quarter during which said products have been sold.

**ANSWER TO INTERROGATORY NO. 5**

Rhode Island Novelty objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the

discovery of admissible evidence. The acronym "SKU" is vague, overly broad and undefined.

Rhode Island Novelty also objects on the grounds that the information sought is confidential and propriety to Rhode Island Novelty.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will agree to respond to this interrogatory only pursuant to court-ordered non-disclosure agreement between the parties appropriately limiting the dissemination of this information.

**INTERROGATORY NO. 6**

Set forth the annual profit margin realized by Defendants in the U.S. for each SKU in the "Wild Adventures" product line for each calendar quarter during which said products have been sold.

**ANSWER TO INTERROGATORY NO. 6**

Rhode Island Novelty objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The acronym "SKU" is vague, overly broad and undefined.

Rhode Island Novelty also objects on the grounds that the information sought is confidential and propriety to Rhode Island Novelty.

Rhode Island Novelty also objects on the grounds that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence relevant to the liability of any party on any claim raised in the Amended Complaint or Rhode Island Novelty's Counterclaim.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty will respond to this interrogatory (a) consistent with, and after a ruling on, Rhode Island Novelty's Motion to Bifurcate, and (b) pursuant to court-ordered non-disclosure agreement between the parties appropriately limiting the dissemination of this information.

**INTERROGATORY NO. 7**

Set forth the U.S. wholesale and retail prices for each product in the "Wild Adventures" product line for each year calendar quarter during which said products have been sold.

**ANSWER TO INTERROGATORY NO. 7**

Rhode Island Novelty objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the general objections or the specific objections above, pursuant to Fed. R. Civ. P.33(d), Rhode Island Novelty refers K&M to its "Wild Adventures" price lists, copies of which will be produced by Rhode Island Novelty to K&M in response to K&M's request for production of documents. Retail prices for "Wild Adventures" products are set by the customer.

**INTERROGATORY NO. 8**

Describe in full and specific detail each meeting, conference, trade show or private showing from January 1, 2005 to the present at which any toy product in the "Wild Adventures" line was or may have been shown or otherwise presented by RINCO, or its affiliates, to third party retailers or other third parties, including the dates of each such meeting, the names of all individuals present and a description of all materials presented, shown or demonstrated at such events.

**ANSWER TO INTERROGATORY NO. 8**

Rhode Island Novelty objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The terms "meeting," "conference," "private showing," "affiliates," "description of all materials presented" and "the names of all individuals present" are all vague, overly broad and undefined.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty attended the following trade shows during the referenced time frame at which products in the "Wild Adventures" line were marketed and/or displayed:

a. Gatlinberg/Pigeon Forge Resort Show, Pigeon, TN (11/04/05- 11/09/05).

b. IAAPA Attractions Expo, Atlanta, GA (11/16/05 - 11/19/05).

c. Aramark Show, Philadelphia, PA (11/28/05 - 11/30/05).

d. American International Toy Fair, New York, NY (02/12/06 - 02/15/06).

e. ASD/AMD Show, Las Vegas, NV (03/13/06 - 03/17/06).

f. Western States Toy and Hobby Show, Pomona, CA(03/11/06 -03/14/06).

g. San Francisco Gift Show, San Francisco, CA (08/05/06 - 08/08/06).

h. ASD/AMD Show, Las Vegas, NV (08/13/06-08/17/06).

i. Seattle Gift Show, Seattle WA (08/19/06 - 08/22/06).

Rhode Island Novelty assigned employees to work at each of these events. John Fitzsimmons and Andrew Alberto attended the Gatlinberg/Pigeon Forge Resort Show on behalf of Rhode Island Novelty and its "Wild Adventures'" line.

Andy Alberto attended the IAAPA Attractions Expo and the Aramark Show on behalf of Rhode Island Novelty and its "Wild Adventures'" line.

John Fitzsimmons and Dave Bejbl attended the American International Toy Fair on behalf of Rhode Island Novelty and its "Wild Adventures'" line.

Neil Sormanti, Dan Highgrove, Mark Jakubiak, Eva Sousa, Mike Aleixo and Robert Coutard attended the first ASD/AMD Show on behalf of Rhode Island Novelty and its "Wild Adventures'" line.

John Fitzsimmons and Dave Bejbl attended the Western States Toy and Hobby Show on behalf of Rhode Island Novelty and its "Wild Adventures'" line.

John Fitzsimmons and Dave Bejbl attended the San Francisco Gift Show on behalf of Rhode Island Novelty and its "Wild Adventures'" line.

Bogdan Nowak, Neil Sormanti, Dan Highgrove, Mark Jakubiak, Eva Sousa, Mike Aleixo, Robert Coutard and Jeff Shaugnessy attended the second ASD/AMD Show on behalf of Rhode Island Novelty and its "Wild Adventures'" line.

Finally, Dave Bejbl and Andy Alberto attended the Seattle Gift Show on behalf of Rhode Island Novelty and its "Wild Adventures'" line.

Rhode Island Novelty made copies of its "Wild Adventures" product catalogues and literature available at all of these events, as well as samples of some, but not all, of its products in the "Wild Adventures" line.

Rhode Island Novelty has had only one occasion to bring customers or prospective customers to its headquarters for a private showing of its "Wild Adventures" products. On Thursday August 11-12, 2006, Ms. Tonya Wells of the Maryland Zoo in Baltimore, Maryland came to Rhode Island Novelty's Cumberland,

Rhode Island office and spent a day and a half looking over the "Wild Adventures" product line.

**INTERROGATORY NO. 9**

Describe Andy Alberto's activities with respect to the following:

(a) Adoption or selection of the "Wild Adventures" name;

(b) Design or development of any product in the 2005 or 2006 "Wild Adventures" catalog;

(c) Establishing the wholesale price charged by RINCO for any product contained in the 2005 or 2006 "Wild Adventures" catalog;

(d) Providing RINCO with information about any retail customers that had previously been customers of K&M; and/or

(e) Disclosing to RINCO any of K&M's confidential information, including but not limited to: information relating to K&M's operation, product, finances (profit and cost ratios), trade secrets, pricing information, accounting practices, sales, personnel, formulas, processes, manufacturing techniques, customer information (call reports, customer lists, prospect lists, and customers' names and addresses), confidential computer software, equipment specifications, marketing plans and techniques, sales plans and techniques, research and development plans and data, and production plans and data.

**ANSWER TO INTERROGATORY NO. 9**

Rhode Island Novelty objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The terms "K&M's confidential information," "2005 'Wild Adventures' catalog" and "2006 'Wild Adventures' catalog" are vague, overly broad and undefined.

Subject to and without waiving the general objections or the specific objections above, Andy Alberto was not involved in the activities or conduct described in subparagraphs 9(a) - (e) above.

**INTERROGATORY NO. 10**

Identify any instance where a customer or potential customers of RINCO's and/or any consumer or individual has stated, inquired or otherwise expressed a belief since January 1, 2005 that:

(a) RINCO was the manufacturer or source of K&M's "Wild Republic" brand or products;

(b) K&M was the manufacturer or source of RINCO's "Wild Adventures" brand or products;

(c) RINCO was in any way affiliated, connected or associated with K&M, the "Wild Republic" brand and/or any of the products sold under K&M's "Wild Republic" brand; and/or,

(d) RINCO's "Wild Adventures" line was in any way affiliated, connected or associated with K&M, the "Wild Republic" brand and/or any of the products sold under K&M's "Wild Republic" brand.

**ANSWER TO INTERROGATORY NO. 10**

Rhode Island Novelty objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the general objections or the specific objections above, no customer or potential customers of Rhode Island Novelty and/or any consumer or individual has stated, inquired or otherwise expressed a belief to Rhode Island Novelty with respect to any of the subjects set forth in subparagraphs 10(a) - (d) above.

**INTERROGATORY NO. 11**

With respect to RINCO's assertion in paragraph 27 of its counterclaims, identify each customer that cancelled orders and/or indicated that they would not do business with RINCO because of the letter K&M mailed to its customers in April 2006 and, for each such order, specify: (a) the name of the customer; (b) the SKU's for each order; (c) the unit volume of each order; and (d) the dollar volume of each order.

**ANSWER TO INTERROGATORY NO. 11**

Rhode Island Novelty objects to this interrogatory on the grounds that it is vague, ambiguous and overly broad.

Rhode Island Novelty objects on the grounds that the information sought is confidential and propriety to Rhode Island Novelty.

Subject to and without waiving the general objections or the specific objections above, the following customers cancelled orders to purchase products in the "Wild Adventures" line based, to the best of Rhode Island Novelty's knowledge, on the K&M letter (the customer contact is in parenthesis):

a. Beardsley Zoo, Bridgeport, Connecticut (Rose Ryan). Ms. Ryan cancelled an order to purchase $3,927.10 worth of "Wild Adventures" products.

b. Brandywine Zoo, Wilmington, Delaware (Patricia Tiano). Ms. Tiano cancelled an order to purchase $2,084.70 worth of "Wild Adventures" products.

The following potential customers expressed in words or substance that they had received the K&M letter and that they would not, or were disinclined to, conduct business with Rhode Island Novelty representatives attempting to solicit their business with respect to the "Wild Adventures" line (the customer contact is in parenthesis):

a. EcoTarium, Worcester, MA (Patricia Crawford)

b. Southwick Zoo, Mendon MA (Justine Brewer)

c. Newport Aquarium, Newport, KY (Leslie Dressler)

d. Museum of Science and Technology, Syracuse, NY (Nancy Allison)

e. Carnegie Institute, Pittsburg, PA (Patricia Johnson)

f. Living Treasures Animal Park, Jones Mills, PA (Tom Guiher)

g. Racine Zoo, Racine, IL (Joanne Deane)

h. Peabody Museum, Hartford, CT (Kathleen Sullivan)

i. Potter Park Zoo, Lansing, MI (Julie Downs)

Several of these customers later conducted some business with Rhode Island Novelty with respect to the "Wild Adventures" line despite their earlier statement that they would not.

**INTERROGATORY NO. 12**

Set forth and describe each document that you know or have reason to believe has been lost or destroyed concerning, relating or referring to the "Wild Adventures" line, Andy Alberto or K&M from January 1, 2005 to the present.

**ANSWER TO INTERROGATORY NO. 12**

Rhode Island Novelty objects to this interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Rhode Island Novelty also objects to the time frame set forth in the interrogatory because it predates any litigation between the parties. Rhode Island Novelty also objects on the grounds that the information sought is confidential and propriety to Rhode Island Novelty.

Subject to and without waiving the general objections or the specific objections above, Rhode Island Novelty is not aware that any documents in its possession, custody or control have been lost or stolen which relate to the subject matters of this request and which cover the referenced period.

**I, BOGDAN NOWAK, DECLARE UNDER THE PENALTIES OF PERJURY THIS 25 DAY OF AUGUST, 2006, AS FOLLOWS:**

That I am the designated agent of Rhode Island Novelty, Inc. ("Rhode Island Novelty"), the defendant/plaintiff-in-counterclaim herein for purposes of executing these answers to Interrogatories; that I have read Rhode Island Novelty's Answers to Interrogatories and know the contents thereof; that said matters were prepared with the assistance and advice of counsel and employees of Rhode Island Novelty upon whose advice I have relied; that the Answers, subject to inadvertent or undisclosed errors, are based on and therefore necessarily are limited by the records and information still in existence, presently recollected and thus far discovered in the course and preparation of the Answers; that Rhode Island Novelty and I consequently reserve the right to make any changes in said Answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; that subject to the limitations set forth herein, said Answers are true.

Bogdan Nowak
President
Rhode Island Novelty, Inc.

AS TO OBJECTIONS
Respectfully Submitted,
RHODE ISLAND NOVELTY, INC.
By its attorneys,

William A. Poore (#1436)
Christopher J. O'Connor (# 5078 )
POORE & ROSENBAUM
30 Exchange Place
Providence, Rhode Island 02903
Tel: (401) 831-2600
Fax: (401) 831-2220

*And Pro Hac Vice Counsel*

Joseph P. Davis III (BBO#551111)
James P. Ponsetto (BBO# 556144)
GREENBERG TRAURIG, LLP
One International Place
Boston, Massachusetts 02110
Tel: (617) 310-6000
Fax: (617) 310-6001

**CERTIFICATION**

I, James P. Ponsetto, Esq., hereby certify that the within was mailed and emailed to all counsel of record this 25 day of August, 2006.

James P. Ponsetto

bos-fs1\197098v01