UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| K&M INTERNATIONAL, INC., Plaintiff and Defendant-in-Counterclaim, | : | |
| v. | : | CA 06-159 ML |
| RHODE ISLAND NOVELTY, INC., Defendant and Plaintiff-in-Counterclaim. | : | |

**ORDER**
**DENYING MOTION TO BIFURCATE**
**AND**
**GRANTING MOTION TO COMPEL**

Before the Court are Rhode Island Novelty's Motion Pursuant to Fed. R. Civ. P. 42(b) to Bifurcate the Issues of Liability and Damages for Discovery and Trial (Document ("Doc.") #23) ("Motion to Bifurcate") and Plaintiff's Emergency Cross-Motion to Compel Discovery on the Issue of Damages (Doc. #24) ("Motion to Compel"). A hearing was held on October 5, 2006.

With reference to the Motion to Bifurcate, the Court has considered: 1) the potential prejudice to the parties, 2) the potential for jury confusion, 3) the relative convenience and economy which would result from bifurcation, and 4) the timeliness of the motion. The Court finds that each of these factors, especially the third, weighs in favor of denying the Motion to Bifurcate. The protective order which has been submitted satisfactorily addresses the primary prejudice which Rhode Island Novelty, Inc. ("Defendant"), cited in support of the Motion to Bifurcate, namely that Defendant will be forced to disclose highly sensitive commercial information to K&M International, Inc. ("Plaintiff"), a primary competitor. Also, the Court finds that Plaintiff will be significantly prejudiced by the delay in the completion of these proceedings if the Motion

to Bifurcate is granted.[1]

Relative to the issue of jury confusion, although there are several causes of action pled by Plaintiff, they are related and the measure of damages for most, if not all, of them is the same, namely either Plaintiff's lost sales or Defendant's profits relative to the goods at issue. Additionally, based on what happens in most cases, there is a fair likelihood that one or more of the causes of action will not be submitted to the jury because it will be resolved judicially. Thus, the issues the jury will be required to address are likely not as numerous as they presently appear.

Most importantly, the Court finds that bifurcating discovery and the trial would inconvenience witnesses and attorneys and would not be in the interest of economy. As Plaintiff points out in its memorandum, some witnesses, including some who are located outside of Rhode island, would potentially have to be deposed twice and appear at trial twice.

Lastly, the Court finds that the Motion to Bifurcate is untimely. Defendant failed to raise the matter at the scheduling conference in June and agreed to the present discovery schedule. Nothing Defendant has presented persuades the Court that the bifurcation issue could not have been foreseen and raised at that time. To the extent that the Motion to Bifurcate has been precipitated by ongoing discovery problems, the Court finds that

---

[1] At the October 5, 2006, hearing Defendant's counsel indicated that if the Motion to Bifurcate were granted his expectation was that there would be a trial on the issue of liability sometime in the spring of 2007 and that, if the verdict were adverse to Defendant, a trial on damages would occur sometime thereafter. See Tape of 10/5/06 Hearing. Although Defendant's counsel opined that the discovery period relative to damages would be comparably brief, even if this prognostication is correct, it seems likely that the trial on damages would not occur for another two or three months thereafter. Given the harm that Plaintiff has alleged in its Complaint, the Court finds that a delay of that length would significantly prejudice Plaintiff.

the solution is simply to extend the period for discovery rather than to bifurcate the process.[2]

Accordingly, the for the reasons stated above, Defendant's **Motion to Bifurcate is DENIED.**

Defendant did not file an objection to the Motion to Compel, apparently believing that it was unnecessary given that, if the Motion to Bifurcate were granted, the Motion to Compel would either be denied or ruled moot. Accordingly, no objection having been filed and the Motion to Bifurcate having been denied, Plaintiff's **Motion to Compel is GRANTED**. Defendant shall answer Interrogatory No. 6 and Document Request No. 39 by October 13, 2006.

So ordered.

ENTER:

DAVID L. MARTIN
United States Magistrate Judge
October 5, 2006

BY ORDER:

Deputy Clerk

[2] Both parties indicated that they favor an extension of the present discovery schedule, regardless of how the Court rules on the instant motions. A motion to extend discovery has been filed, but it has not been referred to this Magistrate Judge. However, this Magistrate Judge indicated at the October 5, 2006, hearing that if the motion is referred he would be inclined to grant it to the extent that the parties are in agreement as to the length of the extension.