RECEIVED

OCT 04 2006

Property of U.S. District Court
District of Rhode Island

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

K&M INTERNATIONAL, INC.,

Plaintiff and
Defendant in Counterclaim.

-against –

RHODE ISLAND NOVELTY, INC.,

Defendant and
Plaintiff in Counterclaim.

Civil Action No. 06-159-ML-DLM

**STIPULATION AND**
**PROTECTIVE ORDER**

WHEREAS, discovery directed to a party or non-party may call for the production of certain testimony, information, documents and things that contain trade secrets or other confidential research, development, or other commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS, it would serve the interests of the parties, and third parties, to make certain disclosures under a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, to facilitate this litigation and protect the party's and non-party's interests, the parties have stipulated to the following, and request that the Court enter the same as an Order;

NOW THEREFORE, upon consideration of the record,

IT IS ORDERED that:

1. Information subject to this Order:

(a) For the purpose of this Order, CONFIDENTIAL INFORMATION shall mean all information or material which is, pursuant to a request, demand, subpoena, Order or agreement in this matter: (i) produced for or disclosed to a receiving party, (ii) considered

by a producing party (including any third party that produces such documents or things), in good faith, to constitute or to contain trade secrets or other confidential research, development, or other commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and (iii) designated by the producing party as described in paragraph 2 hereof.

(b) For the purpose of this Order, CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION shall mean all information or material which is, pursuant to a request, demand, subpoena, Order or agreement in this matter (i) produced for or disclosed to a receiving party, (ii) considered by a producing party (including any third party that produces such documents or things), in good faith, to constitute or to contain the type of trade secrets or other confidential research, development, or other commercial information described in paragraph 3 hereof; and (iii) designated by the producing party as described in paragraph 2 hereof.

2. Designation Of Confidential Information

(a) CONFIDENTIAL INFORMATION and CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION contained in physical objects or documents, including any transcripts, exhibits, answers to interrogatories or other discovery requests, or copies thereof, shall be designated by stamping or affixing thereto the legend: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" as appropriate. Such legend shall be affixed to each page of a document.

(b) CONFIDENTIAL INFORMATION and CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION not reduced to documentary, tangible or physical form or which cannot be conveniently designated pursuant to paragraph 2(a) may

be designated as CONFIDENTIAL INFORMATION or CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION (as appropriate) by the producing party by advising the receiving party of the designation in writing prior to the production or contemporaneously therewith.

3. (a) In an effort to safeguard, as much as practical, the most sensitive trade secrets or other confidential research, development, or other commercial information of the parties, the parties have agreed to limit access to certain types of information. Accordingly, for the purpose of this agreement, the following types of trade secrets or other confidential research, development, or other commercial information shall be permitted to be designated CONFIDENTIAL – ATTORNEYS' EYES ONLY: sales information on a per unit, per product line or per customer basis (but not on an aggregate basis); information reflecting the profit or loss on a per unit, per product line or per customer basis; information reflecting overall profitability or profitability of any particular business unit; pricing breaks, incentives or rebates provided only to specific customers; the telephone number and e-mail address of the point(s) of contact at each customer; marketing strategies; marketing expenditures; product development procedures; new product ideas; manufacturing cost details; and executive compensation.

(b) The parties cannot at the present agree as to whether the names of point(s) of contacts at each customer should be properly designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY. Accordingly, in an effort to move ahead with discovery in spite of their differences, the parties agree that such information may be designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY, however, that such designation may be challenged if and when appropriate, and this negotiated paragraph reflecting the parties

agreement shall carry no weight in the Court's decision on whether such information should be so designated.

4. Any CONFIDENTIAL INFORMATION or CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION designated as set forth in paragraph 2 hereof shall be handled by each receiving party in accordance with the Order. The designation of information as "CONFIDENTIAL INFORMATION or CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION shall not be construed as a concession by a producing party that such information is relevant or material to any issue or is otherwise discoverable, or by a receiving party that such information is, in fact, a trade secret or confidential research, development or commercial information.

5. The restrictions set forth in any of the paragraphs hereof with respect to CONFIDENTIAL INFORMATION and CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION shall not apply to:

(a) Any information which at the time of the disclosure to a receiving party is in the public domain;

(b) Any information which after disclosure to a receiving party becomes part of the public domain as a result of events not involving a violation of this Order;

(c) Any information which a receiving party can show was rightfully within its possession at the time of the disclosure; or

(d) Any information which a receiving party can show was received by it from a source who obtained the information lawfully or under no obligation of confidentiality to the producing party.

Prior to treating information designated under this agreement as exempt from the confidential designation under this paragraph 5, the party intending to so treat designated

information shall first advise the producing party of the identity of the information and the specific grounds on which the receiving party contends the information is not confidential.

6. Persons authorized to receive CONFIDENTIAL INFORMATION or CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION.

(a) The following persons shall be authorized to receive CONFIDENTIAL INFORMATION or CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION:

(i) Counsel of record for the parties, and their partners, and associates, as well as their stenographic, clerical and paralegal employees whose functions reasonably require access to such information;

(ii) Any independent consultant, expert or other person who obtains authorization to receive such information pursuant to paragraph 7 of this Order; and

(iii) Any copy, storage, assembly, hosting or other service that is not affiliated with the parties in any manner that shall be engaged by any person authorized to receive information under 6(a)(i) or (ii) for the purpose of non-substantive assistance in this case.

(b) The following persons shall be additionally authorized to receive CONFIDENTIAL INFORMATION:

(i) Business or technical persons employed by a party to the above action whose functions reasonably require that they have access to such information in connection with the prosecution or defense of these actions, and who comply with paragraph 7(a) of this Order.

7. Undertakings Under This Order

(a) Should the receiving party find it necessary in the preparation of its case in the above action to disclose a producing party's CONFIDENTIAL INFORMATION to

persons identified in 6(a)(ii) or 6(b)(i) or 6(b)(ii), then the person to whom disclosure is to be made shall execute a written signed assurance in the form attached as Attachment A, stating that she has read and understood this Order, and agrees to be bound by its terms. The receiving party shall retain all such written signed assurances.

(b) Should the receiving party find it necessary in the preparation of its case in the above action to disclose a producing party's CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION to persons identified in 6(a)(ii), then the receiving party shall serve on the producing party a notice identifying the person, her address and telephone number, her present employer and her position, and attaching (i) a current curriculum vitae, and (ii) a signed assurance in the form attached as Attachment B, stating that she has read and understood this Order, and agrees to be bound by its terms. If the producing party objects to the proposed disclosure, it shall have seven business days after the receipt of the notice to provide the receiving party with its written objections to the disclosure, which objections shall provide a detailed explanation of the reasons for the objections. If the receiving party still desires to provide the producing party's CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION to such identified person under 6(a)(ii), the receiving party shall provide a written response to the producing party's objections, which written response shall provide the detailed explanation of the receiving party's position. The parties shall thereafter promptly meet and confer in an attempt to work out the issues surrounding the proposed disclosure. In the event that the matter is not resolved by the parties, the producing party shall have seven business days in which to move the Court for an order prohibiting the disclosure of the CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION information to the objected-to person. Neither the producing party nor the receiving party may argue matters before the Court unless the same were included in their

written objections or responses. Disclosure of CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION that are objected to by the producing party shall not be made unless the Court overrules the objections of the producing party.

8. Limitations On Use

(a) CONFIDENTIAL INFORMATION and CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION: (i) shall be held in strict confidence by each authorized recipient to whom it is disclosed; (ii) shall be used only for purposes of this action; (iii) shall not be used for any other purpose; and (iv) shall not be disclosed to any person who is not an authorized recipient. All produced CONFIDENTIAL INFORMATION and CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION shall be carefully maintained by the recipient so as to preclude access by persons who are not authorized recipients.

(b) Nothing in this Order shall prohibit the transmission or communication of CONFIDENTIAL INFORMATION or CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION between or among authorized recipients of such information.

9. An attorney who is an authorized recipient may render advice to her client with respect to this action and rely generally upon CONFIDENTIAL INFORMATION and/or CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION, but shall refrain from providing the specifics thereof.

10. In connection with any oral hearing, trial or proceeding concerning the above action before the Court, prior to disclosure in open court of CONFIDENTIAL INFORMATION or CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION, attorneys for the party seeking to make such disclosure shall request at the oral hearing, trial or proceeding that the Court provide an appropriate treatment of any CONFIDENTIAL

INFORMATION or CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION in order to preserve the confidential nature of the same.

11. Any person examined as a witness at deposition or trial may testify concerning all CONFIDENTIAL INFORMATION and CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION of which such person has prior knowledge. Without in any way restricting the foregoing, the receiving party cannot disclose CONFIDENTIAL INFORMATION or CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION not otherwise known or accessible to the witness. Where it appears from the face of a designated document (e.g., an email) that it is or was known to a person (e.g., that such person received the email), in any deposition of such person, a receiving party may disclose so much of the designated information as is necessary to establish whether the designated information is known to such person, and if it is, the witness may be shown and examined concerning the designated information.

12. With regard to a transcript of any deposition which has not been the subject of any designation under this Order prior to or during the taking of such deposition, the producing party shall designate those portions of the transcript which constitute CONFIDENTIAL INFORMATION and CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION within ten business days after the producing party receives a copy of the deposition transcript, but in any event no later than fifteen business days after the producing party is notified in writing of the availability of the deposition transcript. The portions so designated shall thereafter be separated and treated as CONFIDENTIAL INFORMATION and CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION under this Order.

13. Any inspection of original documents and things of a producing party by a receiving party shall be conducted only by outside counsel authorized in paragraph 6(a)(i) of

this Order, and all such original documents and physical objects produced during discovery shall in all other respects initially be considered, as a whole, to constitute CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION. After the receiving party has selected the documents or physical objects for copying, and before copies are released to the receiving party or contemporaneously therewith, the producing party shall review such original documents and physical objects and mark, in designate CONFIDENTIAL INFORMATION and CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION in accordance with this Order.

14. Where the producing party, in good faith, believes that information contained in a document is confidential and is not relevant to the issues of this action, such information may be redacted by any method that makes it readily apparent that material has been obscured from the copy furnished to the receiving party, and where feasible, shall physically outline the redacted portion and include the word "redacted" therein.

15. Inadvertent or Unintentional Production

(a) The inadvertent or unintentional production of discovery materials without designation as CONFIDENTIAL INFORMATION or CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION or without redaction of non-relevant confidential information shall not be deemed a waiver in whole or in part of a producing party's claim of confidential treatment under the terms of this Order. Any document that is produced, in the producing party's good faith opinion, without being appropriately designated, may be later designated, or redesignated by the producing party. Any document that is produced, in the producing party's good faith opinion, with non-relevant confidential information unredacted, may be recalled and re-produced as appropriately redacted.

(b) Upon receipt of notice of designation, redesignation or recall under paragraph 15(a), the receiving party shall make all reasonable efforts to retrieve all copies, if any, of such previously undesignated, misdesignated or misredacted document that have been disclosed to persons other than those authorized to view the document as designated, redesignated or subsequently redacted.

16. Designation Not Dispositive

(a) Nothing in this Order shall prevent a receiving party from contending that any or all designated information is not confidential.

(b) Any receiving party may, at any time, request the producing party to cancel or change the designation or redaction with respect to any document, object and/or information. Such requests shall be made in writing, shall be served on counsel for the producing party, and shall specify, in detail the document, object and/or information for which dedesignation, redesigation or revisions to the redaction is sought, as well as the basis or grounds on which the same is sought. The request shall be deemed denied unless within five business days after receipt of such request, the producing party shall, in writing, approve the request. Thereafter, the receiving party may move the Court for relief from this Order, but only on the same grounds or basis stated in the request. The producing party shall have the burden of proving that the information is properly designated.

17. All CONFIDENTIAL INFORMATION and CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION filed with the Court shall be filed under seal pursuant to the following procedures:

(a) Where possible, only confidential portions of filings with the Court shall be filed under seal. Information filed under seal shall be placed in sealed envelopes

on which it shall be endorsed with the title to this action, the words "FILED UNDER SEAL," and a statement substantially in the following form:

> "This envelope is sealed pursuant to order of the Court and contains [CONFIDENTIAL INFORMATION or CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION] filed in this case by [name of Party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court."

The envelope shall not be opened without further order of the Court except by persons authorized to have access to such information pursuant to paragraph 12 or 13, as applicable, which person(s) shall return the information to the Clerk in a sealed envelope. Any envelope containing information filed under seal that is an exhibit to a pleading shall also bear the name of the pleading. Where documents filed under seal are transmitted between the parties, the above message shall be placed on the cover sheet (or on a sheet directly following the cover sheet, if transmitted by facsimile). A full and unredacted copy of any such submission may be provided directly to chambers, marked and "Contains [Highly] Confidential Information Subject to Protective Order."

(b) As soon as practicable, but in no event after ten (10) calendar days, the submitting party shall electronically file with the Court, for its public file, a copy of the submitted materials without the Confidential Information.

(c) If any party objects to identified portions of the materials remaining under seal, it shall, within ten business days of submission of the materials, state its objections in a faxed letter to counsel for all parties in this action. The interested parties shall promptly meet and confer to attempt to resolve those objections and, if they cannot be resolved, shall promptly tender those objections to the Court for resolution. Any revised public electronic filing, if any, of that submission shall be made by the submitting party within ten (10) business days after the Court's decision resolving that dispute.

18. Efforts by Non-Parties to Obtain Confidential Or CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION

(a) If any party has obtained CONFIDENTIAL INFORMATION or CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION under the terms of this Order and receives a subpoena or other compulsory process commanding the production of such information, such party shall promptly notify the producing party or non-party, including in such notice the date set for the production of such subpoenaed information. The subpoenaed party shall not produce any CONFIDENTIAL INFORMATION or CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION in response to the subpoena without the prior written consent of the producing party or non-party unless in response to an order of a court of competent jurisdiction.

(b) The parties will not object to the producing party or non-party having a reasonable opportunity to appear in the litigation or process commanding disclosure of such CONFIDENTIAL INFORMATION or CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION for the sole purpose of seeking to prevent or restrict disclosure thereof.

19. Procedures upon Termination of Action

After the running of any applicable time to appeal the final order entered in this litigation, any producing party or non-party may request that a party return or destroy any CONFIDENTIAL INFORMATION and/or CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION the producing party or non-party has provided, which request shall be honored. If the receiving party elects to destroy the information rather than return it, the counsel for the receiving party shall provide the producing party written certification that the destruction has been completed. Nothing in this provision shall limit the rights, if any, of

any party or non-party to object to and seek a ruling of the Court concerning a parties' retention of any CONFIDENTIAL INFORMATION or CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION.

20. No Waiver

(a) This Order shall not affect the right of any party or non-party to oppose production of any document or thing on any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege. Moreover, the Order shall not affect the scope of discovery by any party that is not otherwise proper under the Federal Rules of Civil procedure.

(b) Nothing in this Order shall prejudice the right of any party or non-party to move the Court to broaden or restrict the rights of access to and use of particular document or thing, or to seek modifications of this Order upon due notice to all other parties and affected non-parties.

21. Effect Of Stipulation As Order

The parties agree that pending approval by the Court, this Stipulation and Protective Order shall be effective as if approved and, specifically, that any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation and Protective Order had been entered by the Court on the date of execution by counsel for the respective parties.

Dated: October 4, 2006

CAMERON & MITTLEMAN, LLP

Bruce W. Gladstone (Bar No. 2643)
56 Exchange Terrace
Providence, RI 02903
(401) 331-5700 (Tel.)

Edmund J. Ferdinand, III
GRIMES & BATTERSBY, LLP
488 Main Avenue
Norwalk, Connecticut 06851
(203) 849-8300 (Tel.)

Attorneys for Plaintiff

POORE & ROSENBAUM

Christopher O'Connor (Bar No. 5078)
30 Exchange Place
Providence, RI 02903
(401) 831-2600 (Tel.)

Joseph P. Davis, III
GREENBERG TRAURIG LLP
One International Place
Boston, MA 02110
(617) 310-6000 (Tel.)

Attorneys for Defendant

SO ORDERED:

Hon. Mary M. Lisi, U.S.D.J. 10/10/06

Attachment A

1. I, _______________________, have read the foregoing Stipulation and Protective Order governing treatment of confidential information, dated September 29, 2006, and agree to be bound by its terms with respect to any information, documents or materials designated by the parties and/or nonparties as CONFIDENTIAL INFORMATION that are furnished to me as set forth in the Order.

2. I further agree (a) not to disclose to anyone information, documents or materials designated by the parties and/or nonparties as CONFIDENTIAL INFORMATION other than as set forth in the Order; and (b) not to make any copies of any information, documents or materials designated by the parties and/or nonparties as CONFIDENTIAL INFORMATION furnished to me except in accordance with the Order.

3. I hereby consent to the jurisdiction of the United States District Court for the District of Rhode Island with respect to any proceedings to enforce the terms of the Order.

4. I hereby agree that any information, documents or materials designated by the parties and/or nonparties as CONFIDENTIAL INFORMATION furnished to me will be used by me only for the purposes of the action entitled K&M International Inc. v. Rhode Island Novelty, Index No. 06 CV 159(ML), pending in the United States District Court for the District of Rhode Island, and for no other purpose, and will not be used by me in any business affairs of my employer or of my own or be imparted by me to any other person.

Dated: _______________ Signature:_______________________

Attachment B

1. I, ________________________, have read the foregoing Stipulation and Protective Order governing treatment of confidential information, dated September 29, 2006, and agree to be bound by its terms with respect to any information, documents or materials designated by the parties and/or nonparties as CONFIDENTIAL INFORMATION or CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION that are furnished to me as set forth in the Order.

2. I further agree (a) not to disclose to anyone information, documents or materials designated by the parties and/or nonparties as CONFIDENTIAL INFORMATION or CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION other than as set forth in the Order; and (b) not to make any copies of any information, documents or materials designated by the parties and/or nonparties as CONFIDENTIAL INFORMATION or CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION furnished to me except in accordance with the Order.

3. I hereby consent to the jurisdiction of the United States District Court for the District of Rhode Island with respect to any proceedings to enforce the terms of the Order.

4. I hereby agree that any information, documents or materials designated by the parties and/or nonparties as CONFIDENTIAL INFORMATION or CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION furnished to me will be used by me only for the purposes of the action entitled K&M International Inc. v. Rhode Island Novelty, Index No. 06 CV 159(ML), pending in the United States District Court for the District of Rhode Island, and for no other purpose, and will not be used by me in any business affairs of my employer or of my own or be imparted by me to any other person.

Dated: ________________ Signature:________________________

G:\pec\K&M Int'l\Stipulation & Protective Order.doc

# CERTIFICATION

The undersigned hereby certifies that on the 4th day of October, 2006, the original **Stipulation and Protective Order** was hand delivered for filing in the Clerk's Office, U.S. District Court for the District of Rhode Island, One Exchange Terrace, Providence, RI 02903.

A copy of the foregoing was served via facsimile and first class mail, postage prepaid to:

Christopher J. O'Connor, Esq.
Poore & Rosenbaum
30 Exchange Terrace
Providence, RI 02903
cjoconnor@poorerosenbaum.com

William A. Poore, Esq.
Poore & Rosenbaum
30 Exchange Terrace
Providence, RI 02903
wpoore@poorerosenbaum.com

Joseph P. Davis, III
Greenberg Traurig, LLP
One International Place
Boston, MA 02110

Edmund J. Ferdinand, III
Grimes & Battersby, LLP
488 Main Avenue, 3rd floor
Norwich, CT 06851

Patricia E. Carrier